Ætna Insurance Company v. Johnson, &c.

The following three cases were marked for publication after 10 Bush had gone to press, and are now inserted in this volume by direction of the court.—REP.

CASE 56—PETITION ORDINARY—JULY 1, 1874.

# Ætna Insurance Company v. Johnson, &c.

### APPEAL FROM SHELBY CIRCUIT COURT.

1. WHERE THE PARTIES AGREE UPON A BASIS AND EXTENT OF RECOVERY, in case of a loss, and where neither fraud nor mistake is alleged or proven, the terms of the contract can not be restricted or enlarged.

2. "THE LOSS OR DAMAGE TO BE ESTIMATED *according to the true and actual cash value of the property,*" etc.

   *As to the mode of fixing the value of an old house* under the above stipulation in the policy the court say:

   "*The just mode of fixing the value,* although the rule may not be of universal application, would be the value of the building as it stood upon the ground on the day it was destroyed as compared with a new building of the same kind and dimensions.

   "If the building was old and dilapidated by use and decay, its value in that condition is what the assured should recover."

   The original cost of the building or a sum sufficient to erect a new one would give the assured a much larger sum than they are entitled to recover.

   The difference between the value of the lot with the house upon it and its value with the building destroyed, would not be a proper criterion; nor would its marketable value, to be removed from the premises.

3. PREPONDERANCE OF EVIDENCE IS SUFFICIENT IN CIVIL ACTIONS FOR TORTS COMMITTED; or upon contracts for the recovery, or for the value of property; or in the defense of such actions, although facts may be alleged that, if true, constituted guilt in the party charged, for which he might be indicted and punished. In order to maintain such a cause of action or defense, it is not necessary that the proof should be such as would convict the party charged with crime if upon trial under an indictment.

CALDWELL & HARWOOD, . . . . . . For Appellant,

CITED

Queen's Bench, Montreal, Grant v. Ætna Ins. Co.
7 Wis. 169, Washington Union Ins. Co. v. Wilson.
8 Robinson (La.) 442, Wightman v. Western M. & F. Ins. Co.
1 La. An. 216, Hoffman v. Western Empire Ins. Co.
1 Gray (Mass.) 529, Schmidt v. New York Union Mut. Ins. Co.
48 Penn. 367, Lycoming Ins. Co. v. Mitchell.
37 Penn. 205, Commonwealth Ins. Co. v. Sennett.

W. C. BULLOCK, } . . . . . . . . . . . . For Appellees,
A. G. ROBERTS, }

CITED

Angell on Fire and Life Ins., p. 178.
Starkie on Evidence, p. 451.    1 Bing. 339.
2 Greenleaf on Evidence, pp. 384, 385.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The Ætna Insurance Company, by its agent, on the 8th of August, 1870, issued a policy of insurance to the appellees, Arinda Johnson and her two infant children, upon a dwelling-house and the building adjacent situate in the town of Consolation, in Shelby County, Ky. They were insured against loss upon the dwelling-house in the sum of $1,500, upon furniture and wearing apparel $300, buggy-house $200, and upon a store for $1,000, making the entire insurance $3,000. In September, 1870, the dwelling-house and some of the wearing apparel were destroyed by fire.

This action was instituted by Mrs. Johnson in her own right and as *prochein ami* of the infant children to recover of the appellant (the insurance company) the sum of $1,555, the loss they claim to have sustained. The insurance was for the period of one year, and the premium ($30) was paid by Mrs. Johnson for herself and children.

The company, by the terms of the policy, agreed to make good to the assured all such immediate loss or damage not exceeding the amount for which the property was insured as shall happen by fire to the property during the existence of the

policy, *the loss or damage to be estimated according to the true and actual cash value of the property at the time the same shall happen,* etc.

One of the paragraphs in the answer of the defendant was that the dwelling was fraudulently burned and procured to be burned by one of the appellees (Mrs. Johnson).

After the testimony had been closed, various instructions were offered by the plaintiffs and defendant, all of which were refused by the court and others given in lieu thereof. The jury were told by instruction No. 1," That if they believed from the testimony that the house or property insured by the defendant for the plaintiffs was burned while it was covered by the policy of insurance, they should find for the plaintiffs the cash value of the property so burned at the time of the fire not exceeding fifteen hundred dollars, provided they believe the cash' value of the house to be $2,300, unless they believe from the evidence that the fire or loss of the property was caused by the fraud or gross negligence of the plaintiffs or their agents," etc.

Instruction No. 2: "That before finding a verdict against the plaintiff, A. J. Johnson, upon the ground that she fired the building or assisted or connived at its being fired, the jury should so believe beyond a reasonable doubt."

No. 3: "The jury are instructed that by the term cash value, as used in instruction No. 1, is meant and is used in contradistinction to the term 'marketable value,' and means the amount of cash it would take to replace such a house in the condition it was in at the time the fire occurred."

Under these instructions, the proof conducing to show that to erect a new building the costs would exceed the amount for which the dwelling was insured, the jury rendered a verdict for the sum at which the dwelling was valued in the policy, viz., $1,500.

On the part of the defendant (the appellant) the proof stands

uncontradicted that the house, including the lot on which it ·
stood, would not sell for more than $800.

The parties to this contract of insurance have stipulated in
express terms that in the event of loss or damage the same is
to be estimated according "*to the true and actual cash value of
the property at the time the same shall happen,*" and to determine
otherwise would be to create a new contract for them, or to give
a construction as to its meaning not warranted by the language
used.   There is nothing on the face of the contract or in the
facts that changes the ordinary meaning of the words used, and
when the parties contract that the damage shall be the actual
cash value of the property at the time of the loss it can not be
said that they agreed or intended that in the event of loss the
appellant was to pay what it would cost to erect a new build-
ing, as that constituted no part of the agreement.   In the ab-
sence of a contract by which the parties agree as to the mode of
ascertaining the loss another and different rule might prevail;
but in a case like this, where the parties agree upon the basis
and extent of recovery, and where neither fraud or mistake is
alleged or proven, the terms of the contract can neither be re-
stricted or enlarged.

In the case of the Commonwealth Insurance Company v.
Sennett, Baer & Co. (37 Penn. 208) it is said, " The parties
have chosen to fix for themselves the standard of valuation,
and have stipulated that it shall be the true actual cash value
of the property, etc.   This basis for estimating the loss thus
established must control and govern.   It is the law of the con-
tract established by the parties themselves."   (Lycoming Ins.
Co. v. Mitchell & Boyle, 48 Penn. 369.)

The only question of difficulty on this branch of the case
arises in determining the mode of ascertaining the cash value
of the building destroyed.   If the appellees are allowed the
original cost of the building, or a sum sufficient to erect a new
one, this criterion would give them doubtless a much larger

sum than they are entitled to recover; nor is it proper in fixing the value to ascertain the difference in the value of the lot with the building upon it and its value with the building destroyed, as by reason of the peculiar character of the building or the location of the lot for building purposes the latter might sell for as much, or nearly so, without the building as with it: and to determine its value by inquiry from witnesses as to its marketable value to be removed from the premises would necessarily result in lessening its real value to the owner.

It seems to us that the just mode of fixing the value, although the rule may not be of universal application, would be the value of the building as it stood upon the ground on the day it was destroyed as compared with a new building of the same kind and dimensions. If the building was old and dilapidated by use and decay, its value in that condition is what the appellees should recover. The instructions given on this branch of the case direct the jury to ascertain the actual cash value of the property, and left without explanation the mode of ascertaining this value. The jury, as we must conclude from the proof in the case, gave to the appellees as damages the costs of erecting another building.

Instruction No. 2 can not be sustained upon principle or by the weight of authority. "It is the province of a jury in a civil case to weigh the evidence and find for the party in whose favor it preponderates. Before there can be a conviction in a criminal case they must be satisfied of the party's guilt beyond a reasonable doubt." (1 Greenleaf, 590.)

In Greenleaf on Evidence, volume 2, page 426: "To support a special plea of justification where crime is imputed, the same evidence must be adduced as would be necessary to convict the plaintiff upon an indictment for the crime imputed to him, and he would be entitled to the benefit of any reasonable doubts in the mind of the jury in the same manner as in a criminal trial."

This doctrine, applicable to a plea of justification in an action for slander, has been so enlarged by many authorities as to apply to almost every case where the prosecution of a claim in a civil action, or the defense thereto, involves in the issue a state of facts which, if proven, would subject a party to a criminal prosecution; and if sound in principle, we see no reason why the doctrine should not apply to cases where a penal prosecution might be the result of the investigation in a civil action.

It is said by many authorities that the defendant in an action for slander, by his plea of justification, where crime is imputed, assumes the burden of showing that the plaintiff has committed the offense. In order to constitute the crime, the jury must be satisfied beyond a reasonable doubt of the prisoner's guilt; for if the proof falls short of this, it can not be said that the accused is guilty; and therefore the plea of justification must fail. Whether this is the correct doctrine is not necessary to determine.

In civil actions for torts committed, or upon contracts for the recovery of dollars and cents or the value of property, or in the defense of such actions, although facts may be alleged that, if true, constitute guilt in the party charged, for which he might be indicted and punished, still it does not follow that the proof, in order to maintain the cause of action or defense, must be such as would convict the party charged of the crime, if upon trial under an indictment.

One may be charged in a civil action with burning a house, and its value sought to be recovered. Upon the trial proof of negligence would authorize a recovery. A wrong may be committed for which a civil action can be maintained and a recovery had, although the proof may show no willful act on the part of the accused, or even an intention to commit wrong. Hence in actions for torts, except the defense by way of justification in an action for slander, where crime is charged, the

same rule applies as to the evidence authorizing a recovery as in all other civil cases. In some instances, although character may be incidentally involved by the nature of the action or defense, still it is not really made the issue; nor was it necessary, in order to find for the defendant in this case, that the jury should have believed the appellee guilty of any criminal offense.

In the case of Wightman v. The Western Marine and Fire Insurance Company (8 Robinson, Louisiana, 442) this doctrine is maintained: "To defeat a recovery on a policy of insurance on the ground that the plaintiff set fire to the premises, it is not necessary that the evidence should be such as would convict the plaintiff on a prosecution for arson."

"If there be any class of civil cases in which such evidence might be required, it would be those where the defendant has, in a special plea of justification, fully and directly charged upon the plaintiff a crime, and where the same evidence must be adduced to support the plea as would be required upon an indictment for the like offense." (Schmidt v. New York Union Mutual Fire Insurance Company, 1 Gray, Mass. 534.)

Cole, J., in the case of Washington Union Insurance Company v. Wilson (7 Wisconsin, 171), in discussing this question says: "Manifestly the position of a claimant in the one case and of a prisoner in the other is quite different. It appears to us that this case (the court below having given a similar instruction) is contrary to the authorities and can not be sustained on principle."

In civil actions where the questions at issue are involved in doubt the preponderance of the evidence determines the rights of the parties, and to adjudge differently in this class of cases would be disregarding a plain elementary principle applicable to the trial of civil causes.

The rights of the infant plaintiffs can not be affected by the paragraph in the answer charging Mrs. Johnson with burn-

VOL. XI.—39

ing the building. It is not pretended by this pleading that the infants were guilty of any wrong, and as to them it constitutes no defense.

The purchase-money for this house and lot had all been paid by Johnson, the husband and father of the appellees, long prior to his death, and the mortgage or lien upon it in favor of Bailey and others for claims they held against Johnson's vendee, Radford, was fully disclosed to the company's agent. The heirs of Johnson, in order to relieve this lien, must pay to Bailey, &c., the amount of the judgment sought to be enforced against the property. This being the case, they must necessarily lose to the extent of the amount required to relieve the property from this encumbrance. It is said, however, that the appellees are secured in what they may have to pay Bailey by the mortgage from Radford to their intestate, indemnifying him against loss by reason of Bailey's lien. Johnson paid $1,200 in money for the house and lot, and it does not appear that he or his heirs have realized a dollar by reason of Radford's mortgage, and if they have it is immaterial in this case. It was Johnson's title that was insured, with a full knowledge of Bailey's, &c., lien by the agent of the company. If the appellees should take the money that may be realized from Radford's mortgage and pay Bailey, which they have the right to do, and must do in order to retain the property, it can not be then said that they have sustained no loss; but inasmuch as they may not pay Bailey, &c., it is maintained that if they realize $800 from Radford, and the property insured is only worth $800, that therefore the insurance company is discharged from liability. The property is destroyed, a loss of $800 or more sustained by some one, and still the company not responsible. This loss is really that of the appellees, for with the money they may satisfy Bailey and still own the property, and the fact that they may not apply it in this way affords no excuse for relieving the company from re-

sponsibility. The company knew of the mortgage, and because the appellees have been indemnified by reason of it, can not in any manner affect either the right or extent of recovery on the policy.

For the reasons indicated the judgment is reversed and cause remanded, with directions to award a new trial, and for further proceedings consistent with this opinion.