503 F.2d 961
 Earnest H. NEVEAUX, Plaintiff-Appellant,
v.
CENTRAL GULF STEAMSHIP CORP., Defendant-Appellee,
Third-Party-Plaintiff, UNITED STATES of America,
Third-Party-Defendant.
No. 74-2249 Summary Calendar.*
*Rule 18, 5 Cir.; Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 Nov. 7, 1974, Rehearing Denied Dec. 6, 1974.
 
 Carl Waldman, William Hays Seele, Beaumont, Tex., for plaintiff-appellant.
 Leslie M. Ball, Hubert Oxford, III, Beaumont, Tex., for defendant-third-party-plaintiff-appellee.
 Roby Hadden U.S. Atty., Tyler, Tex., Charles E. Myers, Asst. U.S. Atty., Beaumont, Tex., John J. McLaughlin, Trial Atty., Adm. & Shipping Section, Dept. of Justice, Washington D.C., for third-party-defendant.
 Before COLEMAN, DYER and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Earnest Neveaux brought suit in admiralty against Central Gulf Steamship Corporation for damages he sustained while employed as an electrician aboard defendant's vessel, SS GREEN PORT, while the vessel was in Qui Nhon, South Vietnam. A jury trial resulted in a verdict for the defendant. Plaintiff assigns numerous errors on this appeal: (1) the trial court's charge to the jury: (2) exclusion of a portion of the medical testimony; (3) failure of the court to direct a verdict of unseaworthiness; (4) failure of the court to excuse a juror for cause; and (5) several trial errors which of themselves would not be reversible but which plaintiff argues cumulated to deprive plaintiff of a fair trial. A thorough review of the briefs and record reveals no reversible error. We affirm.
 
 
 2
 Plaintiff objected to virtually the entire charge of the trial court, but especially he asserts that the court charged on assumption of risk, a doctrine not applicable to seamen's cases. See Socony-Vacuum Oil Co. v. Smith, 305 U.S. 424, 59 S.Ct. 262, 83 L.Ed. 265 (1939). We have reviewed the entire charge and do not agree with the argument that the court charged on assumption of risk. The court correctly charged on negligence, unseaworthiness, contributory and comparative negligence. Viewing the charge as a whole, we perceive no error. See Andry v. Farrell Lines, Inc., 478 F.2d 758 (5th Cir. 1973).
 
 
 3
 Plaintiff objected to the exclusion of portions of the deposition testimony of his physician, which he contends led to a directed verdict on the maintenance and cure issue. We find no error in excluding the answers to hypothetical questions which did not reflect the facts in evidence. Inasmuch as there must be a conflict in substantial evidence to create a jury question, Boeing Co. v. Shipman, 411 F.2d 365, 375 (5th Cir. 1969), we hold that the District Court did not err in directing a verdict on the maintenance and cure issue in favor of defendant.
 
 
 4
 The District Court did not err in failing to direct a verdict on the unseaworthiness issue in favor of plaintiff. A motion for directed verdict may be granted only if the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict. Boeing Co. v. Shipman, supra. Seaworthiness is generally a question of fact. Morales v. City of Galveston, 291 F.2d 97 (5th Cir. 1961), aff'd 370 U.S. 165, 82 S.Ct. 1226, 8 L.Ed.2d 412 (1962). Under the facts of this case, the issue of seaworthiness was correctly submitted to the jury.
 
 
 5
 Plaintiff attempted to challenge for cause a juror who was employed by the United States Government, which had been joined by the steamship company as the third party defendant. The United States was the charterer of the vessel and responsible for unloading the cargo, the operation in progress at the time of plaintiff's injury. The court denied the challenge because plaintiff did not sue the United States; the liability of the United States, if any, was through an indemnity agreement; and any liability on that point would be decided solely by the court. Plaintiff then challenged the juror peremptorily. In the absence of a showing of prejudice, it is not error to include a Government employee on a jury considering a case involving the United States. Dennis v. United States, 339 U.S. 162, 70 S.Ct. 519, 94 L.Ed. 734 (1950). The trial judge has great discretion in determining the competency of jurors, and in ruling on challenges. United States v. LePera,443 F.2d 810 (9th Cir.), cert. denied, 404 U.S. 958, 92 S.Ct. 326, 30 L.ed.2d 275 (1971). The trial judge did not abuse his discretion here.
 
 
 6
 We have considered all of the other alleged errors and find that they neither severally nor cumulatively permit reversal of the judgment for defendant.
 
 
 7
 Affirmed.