861 F.2d 719
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rudell ABNEY, Plaintiff-Appellant, Cross-Appellee,
v.
CALAVAR CORPORATION, Defendant-Appellee, Cross-Appellant.
 Nos. 87-2063, 87-2082.
 United States Court of Appeals, Sixth Circuit.
 Nov. 2, 1988.
 
 Before MERRITT and RYAN, Circuit Judges, and NICHOLAS J. WALINSKI, District Judge*.
 MERRITT, Circuit Judge.
 
 
 1
 In this diversity action, plaintiff Rudell Abney complains that he was injured by an aerial lift machine defectively designed by defendant Calavar Corporation. Calavar prevailed before the jury on the question of liability. Abney appeals pro se from the judgment and Calavar cross-appeals from the denial of its motion for a directed verdict.
 
 
 2
 Abney raises several grounds of appeal, none of which, we must conclude, justify disturbing the judgment below. Those claims on appeal fall into three groups.
 
 
 3
 (1) Abney appeals from the jury's finding that the lack of a warning light on the aerial lift in which he was injured was not a design defect. We can displace this finding on appeal only if it is clearly erroneous. Fed.R.Civ.P. 52(a). No clear error appears, however, where appellant merely reasserts arguments and points to evidence which he has already presented to the jury.
 
 
 4
 (2) Abney argues for the first time on appeal that the aerial lift was defective in that it lacked a "lock-out switch." But he, through his attorney, stipulated at trial that the only question before the jury in this regard was the lack of a warning light. We cannot decide on appeal questions of fact that were never raised at trial.
 
 
 5
 (3) Finally, Abney raises three issues on appeal that he waived at trial. Even without the waiver problem, these issues do not constitute reversible error. First, Abney challenges one juror as biased because the juror holds a position of responsibility in a company similar to defendant. The burden was on Abney to show not only such contextual facts, but also that the juror was actually prejudiced by virtue of his work experience. See Neveaux v. Central Gulf Steamship Corp., 503 F.2d 961 (5th Cir.1974). We find no indication that Abney could have met this requirement.
 
 
 6
 Second, Abney argues that a key defense witness was not qualified because the witness lacked advanced degrees in mechanical drawing. This witness was the designer of the aerial lift in which Abney was injured. He was testifying not as an expert but rather as one who had a direct perception of relevant facts and whose opinions would be useful to the jury in its deliberations. Fed.R.Evid. 701. An objection to his educational qualifications would therefore have been misplaced.
 
 
 7
 And third, Abney objects to the use of a model of the aerial lift machine which lacked moving parts. We construe this as an objection that the model, though relevant, was likely to mislead the jury. Fed.R.Evid. 403. We see nothing to suggest that a model with no moving parts could mislead the jury into misunderstanding how the lift's different parts in fact moved. It is not a question of a model with moving parts that mis represented the lift's actual operation. The admissibility of demonstrative evidence is a decision entrusted to the sound discretion of the trial court, Meadows & Walker Drilling Co. v. Phillips Petroleum Co., 417 F.2d 378, 382 (5th Cir.1969), and we see no abuse of that discretion here.
 
 
 8
 Calavar timely moved for a directed verdict pursuant to Fed.R.Civ.P. 50(a). It has now cross-appealed from the trial court's denial of its motion for a directed verdict, arguing that it was entitled to a directed verdict because Abney had not made the prima facie case required in product liability actions under Michigan law.
 
 
 9
 This cross-appeal arrives before us after a final judgment in favor of the cross-appellant itself. This circumstance has properly been said to rob the objection of its significance and to render it moot. Wright & Miller, 15 Federal Practice and Procedure Sec. 3907, at 431 (1976). We therefore decline to entertain this cross-appeal.
 
 
 10
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 *
 The Honorable Nicholas J. Walinski, United States District Judge for the Northern District of Ohio, sitting by designation