**Rose MARKS, doing business as Middlebelt–Eureka Shell, Plaintiff–Appellant,**

v.

**SHELL OIL COMPANY, Defendant–Appellee.**

No. 89–1542.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 16, 1990.

Decided Feb. 9, 1990.

Rehearing and Rehearing En Banc Denied April 9, 1990.

James D. Wines (argued), Ann Arbor, Mich., for plaintiff-appellant.

Thomas V. Giles, Giles & Lucas, Birmingham, Mich., Stephan D. Long (argued), Houston, Tex., for defendant-appellee.

Before MARTIN and WELLFORD, Circuit Judges, and EDWARDS, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

Rose Marks appeals an adverse unanimous verdict of a six person jury in this sex discrimination case brought under Michigan's Elliott–Larsen Civil Rights Act, M.C.L.A. § 37.2101 *et seq.* The appeal focuses on the suitability of one of the jurors, Cornelius P. Kenney.

During voir dire, Marks challenged Kenney for cause based on his having been employed as a territory manager by an oil company about 30 years earlier. Marks argued that Kenney might be biased in favor of Shell Oil because of his previous employment in the oil business. The district court refused to excuse Kenney for cause. Marks did not use a peremptory challenge to excuse Kenney.

On appeal, Marks makes three arguments. First, Marks argues that the district court abused its discretion by denying her challenge for cause because Kenney admitted during voir dire that worries about being away from his business might prevent him from giving his duties as a juror full attention. Second, Marks argues that the district court abused its discretion in denying her motion for a new trial under Rule 59(a)(1) or for relief from the jury verdict under Rule 60(b)(6) because Kenney allegedly did not answer honestly a question during voir dire regarding his previous employment with an oil company. Third, Marks argues that the district court abused its discretion in denying her motion for a new trial, despite the allegedly dishonest response by Kenney during voir dire, because an honest response would have led to further inquiry and his excusal for cause.

In her first argument, Marks addresses the district court's denial of her challenge for cause during voir dire. In reviewing this decision of the district court, we are not to decide whether we would have made the same determination, but whether the district court abused its discretion. At voir dire, Marks, as challenging party, bore the burden of persuading the court that the juror was partial and subject to excusal for cause. For two independent reasons, the district court did not err in finding that Marks failed to meet this burden.

Marks waived this ground for challenging Kenney's fitness for jury service by failing to raise it at voir dire. The district court cannot have abused its discretion in failing to be persuaded by an argument to remove a juror, if the challenging party never made that argument. Although Marks did challenge Kenney as a juror for cause, Marks's challenge was based on Kenney's past employment in the oil business, alleging that this past employment would bias Kenney. Marks never suggested that Kenney could not be an

impartial juror because of any concerns he had over the effect that his time in jury service would have on his business. This failure cannot stem from any lack of notice to Marks of Kenney's concerns because they were discussed in full during the voir dire. Marks cannot argue on appeal facts that she was able, but chose not, to raise below.[1]

■ Even if Marks had not waived this ground for her challenge, the trial court would not have abused its discretion in denying it. Although Kenney did express concern about the effect that his time in jury service would have on his business, Kenney also stated that he recognized his "obligation" and "duty" as a juror and would do his best to be impartial. We agree with the district court's remark that many jurors have business and financial concerns that make them apprehensive about the time commitment of jury service. To keep these citizens off juries in general would affect the cross-sample nature of a jury. Marks has made no particular showing of how Kenney's concerns would have biased him against her claim of discrimination by Shell.

In her second argument, Marks contends that the district court abused its discretion in denying her motion for a new trial under Rule 59(a)(1) or for relief from the jury verdict under Rule 60(b)(6) because Kenney allegedly did not answer honestly a question regarding his previous employment with an oil company during voir dire. Marks contends that Kenney's allegedly dishonest answer entitles her at minimum to an evidentiary hearing to permit her to introduce evidence that Kenney was biased.

■ An evidentiary hearing on a juror's alleged failure to disclose information during voir dire must be granted when the challenging party alleges facts that establish a *prima facie* case of impropriety. The party must demonstrate that the juror did not respond honestly to a material question and that an honest response would have provided a valid basis for a challenge. *McDonough Power Equipment v. Greenwood*, 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984). On a motion for an evidentiary hearing, any doubt must be resolved in favor of granting the motion, if the movant articulates a particular fact that would deny a fair trial. *McCoy v. Goldston*, 652 F.2d 654, 657 (6th Cir.1981).

■ In this case, no doubt existed because Marks failed to allege facts either that the juror did not respond honestly or that an honest response would have provided a valid basis for a challenge for cause. Marks alleged that Kenney dishonestly answered a question during voir dire when he stated that he had been an employee of the Speedway 79 Oil Company. Marks argued that the records of Speedway 79 and the Marathon Oil Company, which later acquired Speedway, did not indicate that Kenney was ever an employee there. Despite this evidence, the district court did not abuse its discretion in deciding that no doubt existed as to whether Kenney lied while under oath. Marks did not proffer any evidence that Speedway 79's thirty year-old records were reliable or that Kenney worked elsewhere.[2]

If Marks had alleged that Kenney lied when he said that he had worked for an oil company, the district court still would not have abused its discretion in denying a

---

1. If Marks had appealed her actual basis for challenge at voir dire—that Kenney was biased because of his previous employment with an oil company—we also would affirm the district court. The mere fact that Kenney worked for an oil company 30 years ago does not show that he cannot serve impartially as a juror in any suit involving an oil company. *See, e.g., Dunn v. Sears, Roebuck & Co.*, 639 F.2d 1171, 1176 (5th Cir.1981) (In an action against insurance companies, "[t]he trial judge acted within his discretion in refusing to exclude for cause a juror whose wife and daughter worked for an insurance company"); *Neveaux v. Central Gulf Steamship Corp.*, 503 F.2d 961, 962 (5th Cir. 1974) ("In the absence of a showing of prejudice, it is not error to include a Government employee on a jury considering a case involving the United States").

2. We agree with the district court that Marks's insinuations of "overt looks" by Kenney at a Shell employee in the courtroom are not probative of anything.

challenge for cause on this ground. Even from a dishonest statement that Kenney worked for a different oil company, no reasonable inference can be made that Kenney actually worked for Shell or a company related to Shell. Indeed, if Kenney did answer this question dishonestly, the most reasonable inference is that he was trying to avoid serving his jury duty. If Kenney had wanted to get on the jury in order to influence the jury against Marks, he would have denied any association with the oil industry instead of citing an imaginary one. Based on the scant evidence offered by Marks, we cannot conclude that the district court abused its discretion.

 Marks also argues that an evidentiary hearing is required because Kenney may have exerted undue influence on the other jurors. We reject this argument because Marks has not alleged that Kenney actually did exert any such influence. In order to allege undue influence by one juror on the others, a party must allege what specific conduct by that juror resulted in the undue influence. *See Stiles v. Lawrie,* 211 F.2d 188 (6th Cir.1954) (juror brought a highway manual into the jury room which had not been introduced into evidence).

In her third argument, Marks contends that the district court abused its discretion in denying her motion for a new trial, based on allegedly dishonest responses by Kenney to questions during voir dire, because an honest response would have led to further questioning by Kenney and dismissal for cause. Rule 60(b)(6) is "used only in exceptional or extraordinary circumstances, and can be used only as a residual clause in cases which are not covered under the first five subsections of Rule 60(b)." *Pierce v. UMW Welfare and Retirement Fund,* 770 F.2d 449, 451 (6th Cir.1985), *cert. denied,* 474 U.S. 1104, 106 S.Ct. 890, 88 L.Ed.2d 925 (1986). Marks's argument is a rehash of her second argument and, for the same reasons, we reject it. The authority relied upon by Marks, *United States v. Colombo,* 869 F.2d 149 (2d Cir. 1989), is inapplicable because in that case an alternate juror had come forward with an affidavit to present specific evidence of a biased juror who hid her bias during voir dire. As discussed above, no evidence whatsoever of actual bias has been presented here.

For the above stated reasons, the judgment of the district court is affirmed.