30 F.3d 133
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary Jane BONGARTZ, Plaintiff-Appellant,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellee.
 No. 93-5996.
 United States Court of Appeals, Sixth Circuit.
 June 29, 1994.
 
 Before: MILBURN and NELSON, Circuit Judges; and COOK, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Mary Jane Bongartz appeals the judgment of the district court entered in favor of defendant State Farm Fire and Casualty Company in this diversity action to collect under a fire insurance contract. On appeal, the issues are (1) whether the district court erred in granting defendant summary judgment on plaintiff's claim that defendant violated the Kentucky Unfair Claims Settlement Practices Act, K.R.S. Sec. 304.12-230; (2) whether the district court erred in granting defendant summary judgment on plaintiff's claim that defendant violated the Kentucky Consumer Protection Act, K.R.S. Sec. 367.110 et seq.; (3) whether the district court abused its discretion in refusing to compel defendant to produce portions of its file; (4) whether the district court abused its discretion in refusing to excuse for cause all members of the prospective jury panel who were insured by defendant or defendant's related companies; (5) whether the district court erred in giving its preliminary instruction to the jury which stated only plaintiff's burden of proof and in refusing to instruct the jury as to defendant's burden of proof until after the close of the evidence; (6) whether the district court erred in refusing to instruct the jury that defendant had a duty to prove by clear and convincing evidence that plaintiff burned or had someone burn her home; and (7) whether the cumulative effect of the alleged district court errors denied plaintiff a fair trial. For the reasons that follow, we affirm.
 
 I.
 A.
 
 2
 In the early morning of July 14, 1991, plaintiff's house in Russellville, Kentucky, was destroyed by fire. At the time of the fire, plaintiff owned a homeowner's insurance policy issued by defendant, which covered her house. The day after the fire, plaintiff executed a "Request for Claim Service and Non-Waiver of Rights" form, wherein she "request[ed] and authoriz[ed] [defendant] to investigate, negotiate, settle, deny, or defend any claim arising out of such accident or occurrence as it deems expedient." J.A. 71. According to the form, the reason for executing this request was that there was a question as to the cause and origin of the loss being accidental in nature, and the defendant did not wish to waive any of its defenses by its investigation of the loss.
 
 
 3
 After conducting its investigation, on January 29, 1992, defendant notified plaintiff that it was denying coverage for the fire loss. It first concluded that plaintiff intentionally concealed and misrepresented material facts in connection with the presentation of the claim, thereby breaching the policy condition entitled "Concealment and Fraud." Defendant also concluded that the fire was of incendiary origin and that plaintiff or someone acting at her direction intentionally caused the loss for the purpose of obtaining insurance benefits.
 
 B.
 
 4
 As a result of defendant's denial of coverage, plaintiff filed an action in the district court. In her complaint, plaintiff asserted (1) a breach of contract claim, (2) a claim that defendant's action violated the Kentucky Unfair Claims Settlement Practices Act, and (3) a claim that defendant's actions violated the Kentucky Consumer Protection Act. Plaintiff sought, among other things, a judgment against defendant in excess of the minimum dollar amount necessary for jurisdiction under 28 U.S.C. Sec. 1332, punitive damages, interest, and reasonable attorney's fees.
 
 
 5
 The district court granted summary judgment in favor of defendant on plaintiff's claims under the Kentucky Unfair Claims Settlement Practices Act and the Kentucky Consumer Protection Act. Then, after a three-day trial, a jury concluded that plaintiff intentionally concealed or misrepresented a material fact or circumstance relating to her insurance and that plaintiff caused or procured the burning of her house and its contents. Accordingly, the district court dismissed plaintiff's action on the merits. The district court subsequently denied plaintiff's post-trial motions, and this timely appeal followed.
 
 II.
 A.
 
 6
 We first consider whether the district court erred in granting summary judgment in favor of defendant on plaintiff's claim that defendant violated the Kentucky Unfair Claims Settlement Practices Act, K.R.S. Sec. 304.12-230. The Kentucky Unfair Claims Settlement Practices Act, which sets forth 14 separate practices that can amount to unfair claims settlement practices, "is intended to protect the public from unfair trade practices and fraud." State Farm Mut. Auto. Ins. Co. v. Reeder, 763 S.W.2d 116, 118 (Ky.1988). Where, as here, a party's claim under K.R.S. Sec. 304.12-230 is that the insurer acted in bad faith, the party must establish (1) that the insurer had an obligation to pay under the policy, (2) that the insurer lacked a reasonable basis for its failure to pay immediately, and (3) that the insurer knew that it had no reasonable basis to delay payment or acted in reckless disregard as to whether such a basis existed. Simpson v. Travelers Ins. Cos., 812 S.W.2d 510, 512 (Ky.App.1991); see also Curry v. Fireman's Fund Ins. Co., 784 S.W.2d 176, 178 (Ky.1989), overruling Federal Kemper Ins. Co. v. Hornback, 711 S.W.2d 844 (Ky.1986).
 
 
 7
 In this case, the district court concluded that defendant had a reasonable basis for denying coverage as a result of the fire; namely, that the fire was intentionally set by plaintiff or at her direction. Accordingly, the district court determined that defendant did not act in bad faith. In reaching its conclusion, the district court found, among other things, that two individuals had seen plaintiff's vehicle driving away from the fire scene at a high rate of speed only moments prior to the fire and had stated that the car was headed towards Bowling Green, Kentucky, where plaintiff claimed to have spent the evening of the fire.
 
 
 8
 On appeal, plaintiff argues that a factual dispute exists as to whether the vehicle seen by the two eyewitnesses was in fact hers. In support of her position, plaintiff refers us to her sworn statement and the sworn statement of Mr. Chester Merriman, a friend of plaintiff. According to plaintiff, in the sworn statements both she and Merriman averred that neither of them drove her automobile to the fire scene on the night of the fire. In light of this factual dispute, plaintiff argues that summary judgment was inappropriate on her bad faith claim that defendant violated the Kentucky Unfair Claims Settlement Practices Act.
 
 
 9
 We review a district court's grant of summary judgment de novo, using the same test utilized by the district court. See Faughender v. City of North Olmsted, Ohio, 927 F.2d 909, 911 (6th Cir.1991). Summary judgment is proper if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). The party moving for summary judgment bears the initial burden of showing that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the nonmoving party then must go beyond the pleadings and by affidavits, or by "depositions, answers to interrogatories and admissions on file," designate "specific facts showing that there is a genuine issue for trial." Id. at 324. Thus, the non-moving party must do more than show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must present significant probative evidence in support of its complaint to defeat the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).
 
 
 10
 We conclude that the district court did not err in granting summary judgment in favor of defendant on plaintiff's claim that defendant violated the Kentucky Unfair Claims Settlement Practices Act, K.R.S. Sec. 304.12-230. Although, as submitted by plaintiff, there may be a factual dispute as to whether the eyewitnesses saw plaintiff's vehicle leave the fire scene shortly before the fire, that factual dispute alone does not present sufficient disagreement to require submission to a jury. Ample evidence existed to support defendant's belief that plaintiff or someone under plaintiff's direction deliberately set fire to plaintiff's home in order to recover the proceeds from the insurance policy. For example, it was determined that the cause of the fire was arson. Additionally, on the night of the fire, plaintiff was spending the evening at a motel and when plaintiff left her home on the afternoon before the fire, she secured her home herself. Moreover, on the day following the fire, plaintiff executed a "Request for Claim Service and Non-Waiver of Rights" form evidencing that there was suspicion of arson. Given these undisputed facts, we conclude that the evidence was so one-sided in favor of defendant that defendant must prevail as a matter of law on this issue. Wittmer v. Jones, 864 S.W.2d 885, 890 (Ky.1993) ("[A]n insurer is ... entitled to challenge a claim and litigate it if the claim is debatable on the law or the facts.").[1]
 
 B.
 
 11
 We next consider whether the district court erred in granting defendant summary judgment on plaintiff's claim that defendant violated the Kentucky Consumer Protection Act, K.R.S. Sec. 367.110 et seq. The Kentucky Consumer Protection Act is intended "to protect the public interest and the wellbeing of both the consumer public and the ethical sellers of goods and services." K.R.S. Sec. 367.120. The Act provides, among other things, that it is unlawful to commit "[u]nfair [meaning unconscionable], false, misleading, or deceptive acts or practices in the conduct of any trade or commerce." K.R.S. Sec. 367.170. "The terms 'false, misleading and deceptive' has [sic] sufficient meaning to be understood by a reasonably prudent person of common intelligence." Stevens v. Motorists Mut. Ins. Co., 759 S.W.2d 819, 820 (Ky.1988).
 
 
 12
 Even assuming for purposes of this case that the relationship between plaintiff and defendant was one of "service" as stated in K.R.S. Sec. 367.120, the district court concluded that defendant did not act in an unfair, false, misleading, or deceptive manner. In reaching this conclusion, the district court noted that although plaintiff denied that she or someone under her direction set the fire, defendant had introduced sufficient evidence to establish that it did not commit an unlawful act in the investigation and denial of plaintiff's insurance claim. Accordingly, the district court concluded that defendant did not violate the Kentucky Consumer Protection Act.
 
 
 13
 On appeal, plaintiff argues, as she did with respect to the Kentucky Unfair Claims Settlement Practices Act, that a factual dispute exists as to whether the vehicle seen by the two eyewitnesses was in fact hers. Given this disagreement, plaintiff argues that the district court erred in granting summary judgment on her claim that defendant violated the Kentucky Consumer Protection Act. In plaintiff's view, the determination of whether the vehicle was hers is a genuine issue of material fact which must be resolved by a jury.
 
 
 14
 We conclude that the district court did not err in granting summary judgment in favor of defendant. Plaintiff has failed to identify any facts which demonstrate that defendant acted in an unfair, false, misleading, or deceptive way, as those words are commonly used. Instead, plaintiff's argument merely raises the factual issue as to whether she or someone under her direction set the fire. That factual dispute, however, has no bearing on whether defendant committed an unlawful act in the investigation and denial of plaintiff's insurance claim. Moreover, as earlier stated, plaintiff executed a "Request for Claim Service and Non-Waiver of Rights" form before defendant began its investigation. Accordingly, plaintiff's claim is meritless.[2]
 
 C.
 
 15
 We now consider whether the district court abused its discretion in refusing to compel defendant to produce certain portions of its file. Prior to trial, plaintiff filed a motion to compel defendant to produce (1) all of the file materials concerning her claim which were prepared on or before January 29, 1992, and (2) all of its file materials concerning her claim which were prepared after January 29, 1992, for in camera review. The district court entered an order granting in part and denying in part plaintiff's motion:
 
 
 16
 IT IS THE FINDING of the Court that pursuant to F.R.Civ.P. 26(b)(3), the Defendant's file after August 30, 1991, was prepared in anticipation of litigation; that the Plaintiff has not demonstrated that she has substantial need of such materials in preparation of her case and that she is unable, without undue hardship to obtain the substantial equivalent of the materials by other means.
 
 
 17
 IT IS THEREFORE ORDERED that the Motion of the Plaintiff to Compel the Production of Defendant's Investigative File be and hereby is GRANTED as to documents prepared before August 30, 1991, and DENIED as to documents prepared after August 30, 1991. This Order does not require the Defendant to produce documents containing the mental impressions, conclusions, opinions, or legal theories of the Defendant's attorney(s) or other representatives concerning this litigation. F.R.Civ.P. 26(b)(3).
 
 
 18
 J.A. 143-44.
 
 
 19
 Plaintiff first argues that the district court erred by refusing to compel defendant to produce its file for the period from August 31, 1991, through and including January 29, 1992, which was the date defendant denied plaintiff's fire loss claim. According to plaintiff, no substantial equivalent of this material existed, and this information would have been critical to her case on the issue of whether defendant acted reasonably. In plaintiff's view, the result of insulating defendant from disclosing such information encourages gamesmanship which would reward parties for hiding or obscuring potential significant facts in derogation of the intent of Federal Rule of Civil Procedure 26(b)(3).
 
 
 20
 Federal Rule of Civil Procedure 26(b)(3) provides in relevant part:
 
 
 21
 a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.
 
 
 22
 The determination as to whether to compel a party to produce particular information rests on the sound discretion of the district court, and thus our review is under the abuse of discretion standard. Toledo Edison Co. v. GA Technologies, Inc., 847 F.2d 335, 341 (6th Cir.1988).
 
 
 23
 We conclude that the district court did not abuse its discretion in denying plaintiff's motion to compel with respect to documents prepared by defendant from August 31, 1991, through and including January 29, 1992. The district court was correct in concluding that the materials created by defendant after August 30, 1991, were made in anticipation of litigation, given the fact that by that time the investigation of plaintiff's claim had been assigned to Mr. Lanny Miller, a Claim Specialist employed by defendant, that the cause of the fire had been determined to be arson, and that counsel for defendant had been contacted. Even assuming that plaintiff has a substantial need for such materials in the preparation of her bad faith claims, see Atlanta Coca-Cola Bottling Company v. Transamerica Insurance Co., 61 F.R.D. 115, 118 (N.D.Ga.1972), and Brown v. Superior Court, 670 P.2d 725, 734 (Ariz.1983) (en banc), plaintiff has made no showing that she is unable without undue hardship to obtain the substantial equivalent of the materials by other means. Accordingly, we will not disturb the conclusion of the district court.
 
 
 24
 Plaintiff also argues that the district court erred by not applying the five-factor analysis the Supreme Court of Arizona used in Brown for determining the discoverability of items in defendant's claim file after January 29, 1992, the day defendant denied benefits to plaintiff. We, of course, are not bound by the Arizona Supreme Court's interpretation of an Arizona rule which is similar to Fed.R.Civ.P. 26(b)(3). Moreover, in this case, there is no evidence that the district court overlooked the sequential steps necessary to make a Fed.R.Civ.P. 26(b)(3) determination. Thus, we find plaintiff's argument meritless.
 
 D.
 
 25
 We next consider whether the district court erred in refusing to excuse for cause those prospective jurors who were insured with defendant or its related companies. During voir dire, several prospective jurors indicated that they held insurance policies with defendant or defendant's related companies. Plaintiff's counsel moved to have each of these individuals excused for cause on the basis that they might be biased in favor of defendant; namely, that they would vote in favor of defendant solely to prevent an increase in their premiums that might result from a verdict in favor of plaintiff. In response, the district court stated:
 
 
 26
 I think what I'm going to do is I'll call the individuals up, each individually who have indicated any insurance and I'll allow some more voir dire of those individuals. If you [plaintiff's counsel] cannot establish something, I see as being other than the fact that they have insurance coverage with State Farm, if you can't demonstrate any other, anything else that shows potential, then I'm going to deny your motion. But if you can establish anything further, then I will certainly look at it further.
 
 
 27
 J.A. 257. According to plaintiff, the district court failed to excuse any of the challenged jurors for cause.
 
 
 28
 Plaintiff argues that the district court should have excused those who were insured by defendant or defendant's related companies in order to assure that she would receive a fair and impartial trial. In plaintiff's view, each of the individuals insured by defendant or defendant's related companies was incompetent to serve as a juror in any civil action in which State Farm is a defendant. In sum, plaintiff argues that by the district court's refusal to excuse for cause those individuals insured by defendant or defendant's related companies, she was required to use two of her peremptory strikes to remove such individuals and as a result she was denied a fair trial.
 
 
 29
 During voir dire, the moving party bears the burden of showing that the juror was biased. Marks v. Shell Oil Co., 895 F.2d 1128, 1129 (6th Cir.1990). In reviewing the denial of a challenge for cause during voir dire, we are not to decide whether we would have made the same determination, but rather we are to decide whether the district court abused its discretion. Id.
 
 
 30
 We conclude that the district court did not abuse its discretion in refusing to excuse for cause those individuals who were insured by State Farm or its related companies. During voir dire, each of the prospective jurors cited by plaintiff indicated that although they were insured by State Farm or its related companies, they would be impartial. Plaintiff has made no showing that the jurors would not be capable of rendering a fair verdict. Accordingly, we find plaintiff's argument unavailing.
 
 E.
 
 31
 We next consider whether the district court erred in giving its preliminary instruction to the jury which stated only plaintiff's burden of proof and in refusing to instruct the jury as to defendant's burden of proof until after the close of the evidence. During the preliminary instructions, the district court instructed the jury that because this was a civil case, plaintiff bore the burden of proving her case by a preponderance of the evidence. It failed, however, to articulate the burden of proof defendant bore in asserting its defenses to plaintiff's claim. Plaintiff's counsel objected, stating:
 
 
 32
 Your Honor, with regard to the preliminary instruction that was presented I realize that was just pretty much the form of the instruction read with regard to civil cases. Plaintiff does have the burden and accepts this burden. With regard to proving certain elements, however, the Defendant has the burden of proving fraud on the party. I think the jury should be instructed with regard to that and as to what that burden is.... I think the jury needs to be told that.
 
 
 33
 J.A. 262. The district court denied the request by plaintiff's counsel. During the final instructions to the jury, however, the district court informed the jury of defendant's burden of proof.
 
 
 34
 On appeal, plaintiff argues that the district court's preliminary instruction was misleading and did not give the jury an adequate understanding of the law applicable to the trial, irrespective of whether the preliminary instruction is viewed in isolation or in conjunction with the final instructions. In plaintiff's view, the district court's instructions were confusing to the jury because on the one hand they implied that defendant had no burden of proof, but, on the other hand, they implied that defendant did have a burden of proof. In light of this confusion, plaintiff argues that she suffered prejudice.
 
 
 35
 "Although state law controls the substantive content of jury instructions in diversity actions such as this, federal law governs our standard of review for determining whether a jury instruction is prejudicial." Gafford v. General Elec. Co., 997 F.2d 150, 166 (6th Cir.1993) (internal quotations omitted). "Jury instructions are reviewed as a whole in order to determine whether they adequately inform the jury of relevant considerations and provide a basis in law for the jury to reach its decision." Beard v. Norwegian Caribbean Lines, 900 F.2d 71, 72 (6th Cir.1990). In other words, "[a] party is not entitled to a new trial based upon alleged deficiencies in the jury instructions unless the instructions, taken as a whole, are misleading or give an inadequate understanding of the law." Bowman v. Koch Transfer Co., 862 F.2d 1257, 1263 (6th Cir.1988).
 
 
 36
 We conclude that when viewed as a whole the instructions were not misleading and did not give an inadequate understanding of the law. The district court's failure to instruct the jury during the preliminary instruction that defendant bore the burden of proof on some issues may have been misleading when viewed in isolation. However, during the final instructions the district court attempted to cure its error by articulating defendant's burden of proof. In those instructions, the district court specifically stated that "[a]s jurors it is your duty to follow the law as I state it in these instructions and to apply the law to the facts as you find them from the evidence in the case." J.A. 215. Given the district court's emphasis that the closing instructions were the relevant ones the jury was to consider and that in those closing instructions the district court identified the defendant's burden of proof, we find no error.
 
 F.
 
 37
 We next consider whether the district court properly instructed the jury on defendant's burden of proof. At trial, defendant raised two defenses to the claim that it was obligated to pay proceeds to plaintiff: (1) that plaintiff intentionally concealed or misrepresented material facts or circumstances relating to the insurance claim, and (2) that plaintiff caused or procured the loss to the property. In instructing the jury as to the relevant burden of proof borne by defendant as to the second defense, the district court stated:
 
 
 38
 The jury is instructed that an intentional burning by a person or persons acting for or on behalf or under the control of the Plaintiff insured is sufficient to defeat the claim of the insured. I instruct you that while the burden of proof is upon the insurer, State Farm Fire and Casualty Company, to establish that a person or persons acting for and on behalf or under the control of the Plaintiff insured intentionally set the fire mentioned in the evidence, nevertheless you are instructed that this fact does not need to be established beyond a reasonable doubt, but it is sufficient that it be established by a preponderance of the evidence.
 
 
 39
 J.A. 219.
 
 
 40
 On appeal, plaintiff argues that defendant must establish its defense by clear and convincing evidence as opposed to by a preponderance of the evidence. Plaintiff argues that defendant's defense that she burned her home or had it burned amounts to a claim that she fraudulently misrepresented the circumstances surrounding the fire. According to plaintiff, Kentucky law requires that if a party asserts a claim of fraud, that party must establish fraud by clear and convincing evidence.
 
 
 41
 We conclude that the district court's instruction was correct under Kentucky law. No Kentucky case cited by plaintiff has held that defendant's defense amounts to a claim of fraud. Moreover, based on over 100 years of precedent, Kentucky law appears to hold that defendant's defense is nothing more than an ordinary issue in a civil case. The Kentucky Court of Appeals, then the state's highest court, addressed a similar issue to the one here in Aetna Insurance Company v. Johnson, 74 Ky. (11 Bush) 587 (1874). In that case, the insurer defended against a claim under a fire insurance policy on the ground that "the dwelling was fraudulently burned and procured to be burned by one of the [insureds]." Id. at 589. In instructing the jury on the applicable burden of proof, the trial court told the jury that before they could find against the plaintiff on the ground that she or someone under her direction had burned the building, they must believe that the insured committed such acts beyond a reasonable doubt. The Court of Appeals disapproved of the trial court's instruction and stated:
 
 
 42
 In civil actions where the questions at issue are involved in doubt the preponderance of the evidence determines the rights of the parties, and to adjudge differently in this class of cases would be disregarding a plain and elementary principle applicable to the trial of civil causes.
 
 
 43
 Id. at 593. A similar result was reached 50 years later. Westchester Fire Ins. Co. v. Bowen, 292 S.W. 504, 505 (Ky.1927). Thus, the district court was correct in its interpretation of Kentucky law in that defendant had to show by a preponderance of the evidence, and not by clear and convincing evidence, that plaintiff or someone under plaintiff's direction intentionally set the fire that caused the damage to plaintiff's home.
 
 G.
 
 44
 Finding no error on the part of the district court, there is no basis for plaintiff's remaining argument that the cumulative effect of the district court's errors rendered her an unfair trial.
 
 III.
 
 45
 For the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Julian A. Cook, Jr., Chief United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Finding no bad faith on the part of defendant, plaintiff's argument that she is entitled to punitive damages as a result of defendant's conduct is unavailing. This is especially so in view of the jury's verdict
 
 
 [2]
 Having found no violation of the Kentucky Consumer Protection Act, and in view of the jury's verdict, it follows that defendant cannot be held liable for punitive damages as a result of the alleged violation