65 F.3d 168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Abdul AL-BARI, Plaintiff-Appellant,
v.
James CRODY; Raymond Sloan; Sandra Hall; Debbie Smith;
Roy Knight; and Amanda Saksa, Defendants-Appellees.
 No. 93-6402.
 United States Court of Appeals, Sixth Circuit.
 Sept. 5, 1995.
 
 Before: JONES, GUY, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Abdul Al-Bari, a prisoner at Riverbend Maximum Security Institution, a Tennessee prison, sued pro se under 42 U.S.C. Sec. 1983, claiming that after he objected on religious grounds to a female guard searching him, the defendants beat him. The case went to a jury, which found for the defendants. On appeal, Al-Bari argues that the district court erred in its jury instructions and in dismissing one juror for cause. Finding both contentions to be without merit, we affirm the district court.
 
 
 2
 * Al-Bari objects to the district court's jury instruction that:
 
 
 3
 The state may properly require male prisoners, even those with religious objections based on the Islamic religion, to submit to frisk searches by female officers. Although [this practice] may be incompatible with the prisoner's Islamic religion, it does not relate to the prisoner's First Amendment right of free exercise of religion since it is justified by important state interests of providing adequate prison security and equal opportunity for women to serve as prison officials.
 
 
 4
 Transcript at 251. Al-Bari claims that, because the central issue in the trial is excessive force, not religious freedom, the jury was "mislead [sic], influenced, and confused" by the instruction.
 
 
 5
 "The standard on appeal for a court's charge to the jury is whether the charge, taken as a whole, fairly and adequately submits the issues and applicable law to the jury." United States v. Buckley, 934 F.2d 84, 87 (6th Cir.1991), quoting United States v. Martin, 740 F.2d 1352, 1361 (6th Cir.1984).
 
 
 6
 In this case, Al-Bari conceded that the court's instruction that the state could require a male prisoner, even one with religious objections, to submit to frisks by female officers accurately stated the law. However, Al-Bari objected because "the jury might take that [and] run with it." The district court explained its purpose in giving the instruction:
 
 
 7
 You're the man who put the frisk search question [sic] issue in this case. You asked these witnesses five hundred questions about frisk searches and where people were standing when it was done and about frisk searching of several other inmates. You got frisk searches all in this lawsuit. You're the man that put it right in, dumped [it] right in the middle of this lawsuit, and I think the jury's entitled to know that a prisoner can be required to submit to a frisk search by a female officer.... [T]hey may very well wonder in the absence of an instruction about whether your rights were invaded....
 
 
 8
 Al-Bari's objections to the instruction are meritless. Al-Bari admitted that the charge was accurate. Coupling this concession with the court's legitimate concern that the jury might speculate about the legality of the frisks, it is clear that the court's instruction was a fair and correct statement of the applicable law.
 
 II
 
 9
 Al-Bari also asserts that a prospective juror who expressed sympathy toward Al-Bari's religious views was improperly stricken for cause. A court's decision to grant or deny a challenge for cause is reviewed for an abuse of discretion. Marks v. Shell Oil Co., 895 F.2d 1128, 1129 (6th Cir.1990); United States v. Russo, 480 F.2d 1228, 1244 (6th Cir.1973), cert. denied, 414 U.S. 1157 (1974). This court will find an abuse of discretion where it has a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Balani v. INS, 669 F.2d 1157, 1160 (6th Cir.1982) (citations omitted). This court's inquiry is limited to whether the circumstances clearly demonstrate that the district court acted unjustifiably. NLRB v. Guernsey-Muskingum Elec. Co-operative, Inc., 285 F.2d 8, 11 (6th Cir.1960).
 
 
 10
 The transcript of the voir dire by the defendants' counsel shows that the district court could reasonably have interpreted the prospective juror's comments as revealing an inability or unwillingness to follow and apply the relevant law:
 
 
 11
 MR. LEATHERS: Is there anybody here that feels that it would be improper just on its face for a female officer to frisk search a male inmate? Mr. French?
 
 
 12
 VENIREMAN FRENCH: If it was one of the tenets of his religion, then I think the system should cooperate and provide a male to do the body search.
 
 
 13
 MR. LEATHERS: Would you hold to that belief even if the judge were instruct that it's not a violation of a constitutional right in order for a female correctional officer to frisk search a male inmate? Or do you feel strongly about that belief?
 
 
 14
 VENIREMAN FRENCH: I feel strongly about that.
 
 
 15
 Defendants' counsel (Leathers) stated that he wanted to strike the juror for cause because "he didn't feel like he could handle the prejudice ... [h]e said he had a strong belief that it was religion." Transcript at 74. Al-Bari countered that the relevant issue was excessive force, not "whether I would submit to a female subject," to which the judge agreed. However, after a short break, the judge decided to strike French, explaining:
 
 
 16
 [T]here was this controversy about this female searching you. While that's just a factor, the man has said he feels very strongly about and he didn't think he could follow the law in that respect.
 
 
 17
 Ibid.
 
 
 18
 Based on this assessment of French's comments, his ability to be an impartial juror was reasonably called into doubt. Therefore, because there is not evidence that "the court below committed a clear error of judgment in the conclusion it reached," we affirm the judgment of the district court.