| YEAR | TOTAL INTERVIEWS | PAROLE RECOMMENDED | DEFERRED | SERVE–OUT TIME |
|---|---|---|---|---|
| 1983–1984 | 2,475 | 1,079 | 1,148 | 248 |
| | | 43.6% | 46.4% | 10.0% |
| 1984–1985 | 2,157 | 953 | 955 | 249 |
| | | 44.2% | 44.3% | 11.5% |
| 1985–1986 | 2,108 | 805 | 954 | 349 |
| | | 38.2% | 45.3% | 16.5% |
| 1986–1987 | 2,211 | 684 | 1,060 | 467 |
| | | 30.9% | 47.9% | 21.1% |

Results of All Hearings
(Regular, Deferred and Others, Excluding
Parole Violation Hearings and Early Parole Hearings)

| YEAR | TOTAL INTERVIEWS | PAROLE RECOMMENDED | DEFERRED | SERVE–OUT TIME |
|---|---|---|---|---|
| 1983–1984 | 3,845 | 2,113 | 1,439 | 293 |
| | | 55.0% | 37.4% | 7.6% |
| 1984–1985 | 3,724 | 2,156 | 1,261 | 308 |
| | | 57.9% | 33.9% | 8.2% |
| 1985–1986 | 3,573 | 1,933 | 1,209 | 431 |
| | | 54.1% | 33.8% | 12.1% |
| 1986–1987 | 3,517 | 1,599 | 1,361 | 557 |
| | | 45.5% | 38.7% | 15.8% |

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Appellant/Cross Appellee,

v.

Delbert Wayne **REEDER,**
Appellee/Cross
Appellant.

Nos. 88–SC–146–DG, 88–SC–313–DG.

Supreme Court of Kentucky.

Nov. 17, 1988.

Rehearing Denied Feb. 9, 1989.

Thomas B. Russell, Whitlow, Roberts, Houston & Russell, Paducah, for appellant/cross appellee.

Earl T. Osborne, Paducah, for appellee/cross appellant.

Richard Hay, Somerset, for amicus curiae, Kentucky Academy of Trial Attorneys.

Patrick Watts, Acting Gen. Counsel, Kentucky Dept. of Ins., Frankfort, for amicus curiae, Com'r of Ins.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed the circuit court and held that KRS 304.12–230, the Unfair Claims Settlement Practices Act, creates a private right of action against an insurance company by third-party claimants. The Court of Appeals affirmed the denial by the circuit court of prejudgment interest because it was based on unliquidated damages.

The principal issue is the enforceability of a private cause of action under the unfair claims settlement practices statute.

Reeder and the parents of Paul Hampton are next door neighbors and share a common driveway. While visiting his parents, Hampton accidentally drove his car into the support for the Reeder carport which collapsed. The impact damaged the roof, the home and demolished a ladder and boat in the carport. Hampton's parents were insured by State Farm and the company was promptly notified. State Farm obtained an estimate of repair for $8,471. The lowest estimate Reeder obtained was $13,392. Having declined the insurance company's subsequent offer of $8,961, Reeder sued for the amount he claimed for property damage and expenses, plus $15,000 for his attorney fees as well as $250,000 for violation of KRS 304.12–230. The circuit judge dismissed the unfair practice claim but the remainder of the case was tried by a jury which returned an $11,000 verdict which has been satisfied.

On appeal, Reeder argued a violation of KRS 304.12–230, and also sought prejudgment interest which had been denied by the circuit court. State Farm contends that the statute does not create a private right of action, but only gives the Commissioner of Insurance authority to perform a regulatory function. They claim the statute applies to a frequency of incidences indicating a general practice and that the statute lists 14 types of unfair claims settlement practices. They also argue that the Commissioner of Insurance may take action to prevent unfair practices when they are performed with such frequency as to indicate a general business practice.

KRS 304.12–230 does not specifically provide that any individual may maintain a claim for damages for violation of the act. However, the statute does not state that a violation of its terms is enforceable only by the insurance commissioner, and it does not prohibit a claim by an individual for damages for its breach. In our view, a person may maintain an action for damages resulting from the commission of such unfair practices only as a result of KRS 446.070. The right of a private citizen to maintain an action for violation of the Unfair Claims Settlement Practices Act is clearly supported by KRS 446.070 which provides:

A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation although a penalty or forfeiture is imposed for such violation.

*Grzyb v. Evans,* Ky., 700 S.W.2d 399 (1985) held that "Where the statute both declares the unlawful act and specifies the civil remedy available to the aggrieved party, the aggrieved party is limited to the remedy provided by the statute." *Id.* at 401. Here there was not only a contractual dispute over the amount of damages, for which the plaintiff has been awarded damages, but there is also a claim of a violation under the Unfair Claims Settlement Practices Act. This statute does not provide the aggrieved party with a civil remedy and therefore KRS 446.070 applies to such a violation. Reeder belongs to the class intended to be protected by the Insurance Code. Although the Insurance Code prescribes the remedy for its enforcement by the Insurance Commissioner, it does not provide a remedy for those individuals intended to be protected by the act.

This statute is very old; it was cited in *City of Henderson v. Clayton,* Ky., 57 S.W. 1, 22 K.L.R. 283 (1900). It has been part of the statutory law of Kentucky for at least 88 years. It has been frequently cited by this Court. *See Hackney v. Fordson Coal Co.,* 230 Ky. 362, 19 S.W.2d 989 (1929). There is no reason why it should not be applied to third party claims. It creates a private right of action for the violation of any statute so long as the plaintiff belongs to the class intended to be protected by the statute.

It can be assumed that the General Assembly was aware of the existence of this statute when it enacted KRS 304.12–230. *See Haven Point Enterprises, Inc. v. United Kentucky Bank, Inc.,* Ky. 690 S.W. 2d 393 (1985). It can easily be harmonized with the unfair claims act. We find no reason to excuse this matter because it is brought by a third party claimant. The action results from the bad faith in adjusting the claim. If a first-party carrier can be sued for bad faith, there is no reason why a third party carrier cannot also be sued.

The Kentucky Unfair Claims Settlement Practices Act enumerates 14 specific practices which, if performed with such frequency as to indicate a general business practice, can amount to unfair claims set-

tlement practices. It should be noted that this statute has been amended, effective July 15, 1988, so as to eliminate the requirement that the prohibited conduct be performed "with such frequency as to indicate a general business practice ..." This amendment was after this cause of action accrued and so on remand Reeder must prove frequency of acts.

The Kentucky law is similar to those adopted by thirty-eight other states and is based on the 1971 amendment that the National Association of Insurance Commissioners made to its model "act relating to unfair methods of competition and unfair and deceptive acts and practices in the business of insurance." This statute is intended to protect the public from unfair trade practices and fraud. It should be liberally construed so as to effectuate its purpose. KRS 446.080; *DeHart v. Gray,* Ky., 245 S.W.2d 434 (1952).

There is a substantial split in authority among other states as to whether individuals can maintain an action under their respective state laws. Whether other states permit private individuals to maintain claims is based upon their particular statutory system and is of no consequence here. Our decision must be based on the language of the Kentucky law.

There is no common law cause of action in Kentucky for first party bad faith. *Federal Kemper Ins. Co. v. Hornback,* Ky., 711 S.W.2d 844 (1986). However, the legislature can enact a law creating a cause of action where none existed at common law. The act in question indicates a definite intention to prohibit unfair claims settlement practices and constitutes the public policy of Kentucky.

It is the holding of this Court that private citizens are not specifically excluded by the statute from maintaining a private right of action against an insurer by third party claimants. KRS 446.070 and KRS 304.12–230 read together create a statutory bad faith cause of action.

We must now turn to the question of prejudgment interest which was disallowed by the trial court and the Court of Appeals on the basis of *Atlantic Painting & Contracting, Inc. v. Nashville Bridge*

*Company,* Ky., 670 S.W.2d 841 (1984). Our opinion has been misapplied. This case holds that interest shall be awarded on a claim, or that portion of a claim that constitutes an uncontested "liquidated" amount, even though the balance due is in litigation.

Prejudgment interest may be awarded where justified by the facts of a particular case. *See* 22 Am.Jur.2d *Damages* § 179. A careful reading of *Atlantic Painting, supra,* indicates that as to what is admittedly due, the claimant is entitled to interest. The evidence here indicates the portion of the claim for damages in the amount of $8,471.14 was undisputed. If an item of damages is fixed or ascertainable with reasonable certainty and is not contested and the defendant fails or refuses to timely pay it unconditionally, or at least to tender it into court where it may be withdrawn unconditionally, he should be charged with interest on that item in the judgment. We believe the circuit court and the Court of Appeals have misinterpreted the application of *Atlantic Painting.*

Therefore, this matter is remanded to the circuit court to award interest at the statutory rate on the admitted amount of $8,471.14 from June 30, 1985.

The decision of the Court of Appeals is affirmed in regard to the private right of action under the Unfair Claims Settlement Practices Act but reversed in regard to the question of prejudgment interest.

The case is remanded to the trial court for further proceedings consistent with this opinion.

STEPHENS, C.J., and LAMBERT and LEIBSON, JJ., concur.

VANCE, J., concurs in result only.

GANT, J., dissents.