John R. SIMPSON, Appellant,

v.

TRAVELERS INSURANCE COMPANIES, Appellee.

No. 90–CA–001858–MR.

Court of Appeals of Kentucky.

Aug. 9, 1991.

John C. Carter, Carter & Busroe Law Offices, Harlan, for appellant.

Lee E. Sitlinger, Sitlinger, McGlincy, Steiner & Theiler, Louisville, for appellee.

Before LESTER, C.J., and CLAYTON and DYCHE, JJ.

CLAYTON, Judge.

This appeal arises from a claim by appellant, John R. Simpson, against appellee, Travelers Insurance Companies, for unfair claims settlement practices. The Jefferson Circuit Court granted Travelers' motion for summary judgment. After review of the record and the law, we must reverse.

The genesis of the present appeal was an automobile accident which occurred on October 27, 1981, between Simpson and an agent, Ron Ball, of Travelers' insured, Harlan County Urban Renewal and Community Development Agency. The matter was tried in United States District Court for the Eastern District of Kentucky at London on August 26, 1985. The trial resulted in a defense verdict, but a new trial was granted by the District Court on June 3, 1986. A second trial was held on May 6, 1987, which resulted in a verdict for Simpson in the net amount of $127,690.56. The verdict was appealed by Travelers' insured to the United States Court of Appeals for the Sixth Circuit, which affirmed. The mandate was issued on September 29, 1988.

We note that prior to finality of the Sixth Circuit opinion, Travelers attempted to settle for $60,000. Additionally, it appears that Travelers, after finality, attempted to settle for itself and its insured for the face value of its policy of $100,000. Both offers were declined, and the full judgment demanded of Travelers. Eventually, Travelers moved the District Court for leave to pay its policy limits plus interest on the full judgment into court. The motion was sustained on March 28, 1989. The order also included a proviso that if there were disputes as to costs, appropriate motions would be entertained.

The present case was filed by Simpson on November 16, 1989. Apparently, no other motions have been filed in District Court.

■ The substance of Simpson's claim is that Travelers has unfairly failed to pay off the judgment against its insured. We note, initially, that Simpson attempts to tie in settlement offers made by Travelers prior to the Sixth Circuit's mandate, which were for less than the jury verdict. We find such offers to be essentially irrelevant to the claim asserted, since a party is entitled to attempt to compromise a judgment, which is on appeal, prior to finality. After finality, of course, Travelers is obligated to pay in a timely fashion.

■ Travelers' obligation to Simpson is to pay its policy limits. Travelers also has a general duty to protect its insured from liability in excess of the limit. *See e.g., Manchester Insurance & Indemnity Company v. Grundy*, Ky., 531 S.W.2d 493

(1975). Thus, it is not improper for Travelers to attempt to settle with Simpson for the amount of the policy, which in this case appears to be $100,000.

A preliminary issue presented is when did Simpson's cause of action arise. *See State Farm Mutual Automobile Insurance Company v. Reeder*, Ky., 763 S.W.2d 116 (1988), for an analysis of the existence of the claim. It is important because KRS 304.12–230 was significantly amended effective July 15, 1988, to eliminate the necessity of proving the alleged unfair claims settlement practice was committed with such frequency as to establish a general business practice. *See* Ky. Acts 1988, Ch. 225, § 19. As noted above, Travelers had no obligation to pay prior to finality. As a result, we must conclude Simpson's claim, if any, accrued at some time after finality on September 29, 1988. It is, therefore, clear that the most recent amendment to KRS 304.12–230 is applicable.

Thus, since a single incident can support a cause of action under the statute, we must conclude summary judgment was improvidently granted. Notably, *Steelvest, Inc., v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476 (1991), provides that summary judgment should be cautiously applied. It is not a substitute for trial, and may only terminate litigation when it appears impossible for respondent to produce evidence at trial supporting a judgment in his favor.

In view of the dictates of *Steelvest, supra*, it would appear that Simpson must be given an opportunity to prove his allegations of unfair claims settlement practices under KRS 304.12–230. Thus, we must reverse and remand this appeal.

We do note, however, that Simpson also tries to make a separate claim under KRS 304.3–200. Assuming without deciding that a civil action can be maintained under KRS 304.3–200, nonetheless, we do not think Simpson has a distinct cause of action thereunder. First, the applicable portion of section one (1) of KRS 304.3–200 refers back to KRS 304.12–230, and second, section two (2) requires proof of frequency so as to establish a general course of business which is wholly lacking. Consequently, we find Simpson's claim should be considered solely in light of KRS 304.12–230.

We further note that the essence of Simpson's claim under KRS 304.12–230 is proof of bad faith failure to pay by Travelers. Bad faith is not established merely due to a dispute or delay in payment. *See Curry v. Fireman's Fund Insurance Company*, Ky., 784 S.W.2d 176, 178 (1989). Simpson, thus, will have to establish: (1) Travelers' obligation to pay, which must be conceded; (2) that Travelers lacked a reasonable basis for failing to immediately pay; and (3) that Travelers knew it had no reasonable basis to delay payment or acted in reckless disregard as to whether such a basis existed.

We finally note that it appears some issues, specifically including payment of costs, should be resolved in Federal District Court. Specifically, the Order of March 28, 1989, required the parties to make appropriate motions to that Court regarding any dispute over costs. As a result, the issue of costs, at least, must be resolved in the federal courts.

We reverse the judgment of the Jefferson Circuit Court, and remand for further proceedings consistent with this opinion.

LESTER, C.J., concurs.

DYCHE, J., concurs in result only.