**ALLSTATE INSURANCE COMPANY, Plaintiff,**

v.

**Melvin COFFEY, et ux., Defendants.**

**Civ. A. No. 90–84.**

United States District Court,
E.D. Kentucky,
at London.

June 12, 1992.

Oscar H. Geralds, Jr., Geralds, Maloney & Jones, Lexington, Ky., A. Campbell Ewen, Louisville, Ky., for plaintiff.

Ralph Gibson, Burnside, Ky., for defendants.

### MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

This matter is before the court upon the motion of plaintiff/counter defendant, Allstate Insurance Company [Allstate], for summary judgment on the counterclaim filed by defendants/counter plaintiffs, Melvin and Malline Coffey. [Record # 100]. Fully briefed, this matter is ripe for decision by the court.

### BACKGROUND

Allstate filed this action seeking a declaration of rights under a policy of insurance provided to defendants which covered their

residence. This residence was destroyed by a fire of suspicious origin on November 29, 1989. Allstate contends that defendants were responsible for this fire, and that it owes no obligation under the policy. Defendants have filed a counterclaim alleging that Allstate has acted in bad faith in denying their claim for benefits under the policy.

Allstate has filed a motion for summary judgment on the counterclaim asserting that no genuine issue of material fact exists regarding the propriety of Allstate's actions in the handling of defendants' insurance claim. Defendants argue principally that Allstate's evidence of defendants' alleged participation in the burning of their home is insufficient to justify a denial of their claim. Defendants contend that Allstate's failure to pay this claim was based on a suspect investigation and the incorrect belief that defendants were experiencing financial difficulties.

### SUMMARY JUDGMENT ON THE COUNTERCLAIM IS APPROPRIATE

Summary judgment is appropriate if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(s); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court must consider all pleadings, depositions, affidavits, and admissions on file and draw reasonable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *see Smith v. Hudson,* 600 F.2d 60 (6th Cir.), *cert. denied,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). Once Allstate shows there is an absence of evidence to support defendants' counterclaim, defendants have the burden of coming forward with evidence raising a triable issue of fact. *Celotex,* 477 U.S., at 323, 106 S.Ct. at 2552. To sustain this burden, defendants may not rest on the mere allegations of their pleadings. Instead, defendants must set forth specific facts showing that there is a genuine issue for trial. *Potter's Med. Center v.*

*City Hosp. Ass'n,* 800 F.2d 568 (6th Cir. 1986).

It is beyond doubt that "the mere possibility that a factual dispute *may* exist, without more, is not sufficient to overcome a convincing presentation by the moving party." *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2nd Cir. 1980) (emphasis in original). Without specific references to material facts evidencing triable disputes, the nonmoving party merely provides conclusory denials which do not rebut a showing of a lack of genuine issues to be submitted to a finder of fact. *Frito–Lay of Puerto Rico, Inc. v. Canas,* 92 F.R.D. 384, 392 (D.P.R.1981). Here, defendants cannot rely on the hope that a trier of fact will disbelieve defendants, but must present affirmative evidence in order to defeat Allstate's motion. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989).

Ultimately, the standard for determining if summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *See Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)). Applying this standard, the court concludes that Allstate's motion for summary judgment should be granted.

■ Defendants' counterclaim alleges that Allstate has acted improperly, and in violation of Kentucky law, by denying their claim for payment. Kentucky law is clear that defendants cannot sustain such a cause of action merely because of a dispute or delay in payment. *Curry v. Fireman's Fund Insurance Co.,* 784 S.W.2d 176, 178 (Ky.1989). Rather, defendants must establish: (1) Allstate's obligation to pay; (2) that Allstate lacked a reasonable basis for its failure to pay immediately; and (3) that Allstate knew that it had no reasonable basis to delay payment or acted in reckless disregard as to whether such a basis exist-

ed. *Simpson v. Travelers Insurance Companies*, 812 S.W.2d 510, 512 (Ky.App. 1991). Defendants cannot meet this burden.

■ There is ample evidence in the record to support Allstate's belief that defendants were involved in some manner in the burning of their home. Certainly, the facts giving rise to this inference are in dispute. A jury may conclude that defendants had no involvement at all in the fire. However, a jury could also reach the opposite conclusion. When the evidence presents a factual issue with respect to the validity of the insured's claim, this establishes the legitimacy of the insurer's conduct, and the claim alleging improper conduct on the part of the insurer should not be submitted to a jury. *Federal Kemper Insurance Co. v. Hornback*, 711 S.W.2d 844, 848 (Ky.1986) (Leibson, J., dissenting), *overruled, Curry v. Fireman's Fund Insurance Co.*, 784 S.W.2d 176 (Ky.1989) (incorporated by reference in *Curry*, 784 S.W.2d, at 178).

There is sufficient evidence present in this case to justify Allstate's actions regarding defendants' claim. Summary judgment will be granted.

### CONCLUSION

The court having considered the record, and being otherwise sufficiently advised,

Accordingly,

IT IS HEREBY ORDERED:

that the motion of plaintiff, Allstate Insurance Company, for summary judgment on defendants' counterclaim, [Record # 100], be, and is GRANTED, in conformity with the reasons stated herein.

In accordance with the memorandum opinion and order entered contemporaneously with this summary judgment,

IT IS HEREBY ORDERED:

(1) that the motion of plaintiff, Allstate Insurance Company, for summary judgment on defendants' counterclaim be, and is hereby GRANTED, and summary judgment is ENTERED in favor of plaintiff on the counterclaim.

(2) that defendants' counterclaim be, and is hereby DISMISSED WITH PREJUDICE;

This 11th day of June, 1992.