[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The plaintiff's complaint is embraced in a single count entitled "CUTPA-Allstate" filed in this court on August 19, 1998.
 I
The complaint provides a background for this CUTPA claim. It alleges that on May 5, 1995, the plaintiff was injured in a rear end collision by a vehicle operated by one Mark Buongirno, which vehicle was insured by Allstate with liability protection limits of $20,000 for each person and $40,000 for each accident. The plaintiff concluded that the vehicle operated by Mr. Buongirno, the insured operator, was liable for her damages and proceeded to commence a personal injury action on May 1, 1997, against Mr. Buongirno seeking damages based upon medical bills and reports totaling more than $10,000. After the pleadings in this case were closed, and after participating in an early intervention procedure, the plaintiff submitted a formal written demand to counsel for Mr. Buongirno on April 1, 1998. This demand indicated that a tender of the $20,000 policy limits within thirty days CT Page 14637 would protect Allstate's insureds from personal liability and protect Allstate from a claim of bad faith insurance practices.
When the tender was not forthcoming from Allstate, the plaintiff moved for and obtained without objection on June 19, 1998, a summary judgment establishing that Mr. Buongirno was liable for the collision with plaintiff's vehicle.
Thereafter, on June 26, 1998, a representative of the Allstate Insurance Company offered the policy limits to plaintiff's counsel. For the reasons outlined in her demand letter, the plaintiff did not accept the $20,000 offer, and this CUTPA lawsuit was filed against the Allstate Indemnity Company on August 19, 1998.
 II DEFENDANT'S MOTION TO STRIKE
Pursuant of Practice Book § 10-39, the defendant, Allstate Indemnity Company moves to strike the plaintiff's complaint in its entirety. In the motion, the defendant asserts that plaintiff's complaint alleging a violation of the Connecticut Unfair Trade Practices Act (CUTPA), based upon a violation of the Connecticut Unfair Insurance Practices Acts (CUIPA) is legally insufficient because: 1) The plaintiff was not an insured under the Allstate policy at issue; 2) the plaintiff has not pleaded a proper factual predicate to support a claim under either CUTPA or CUIPA. In support of this motion, the defendant filed a memorandum of law on August 31, 1998.
Paragraph 21 of the plaintiff's complaint indicates that all times relevant hereto, Allstate was engaged in trade and commerce in the state of Connecticut and subject to the provisions of the Connecticut Unfair Trade Practices Act (CUTPA), C.G.S. § 42-110a, et seq. Paragraph 22 indicates that at all times relevant hereto Allstate was subject to the provisions of the Connecticut Unfair Insurance Practices Act (CUIPA), C.G.S. § 38a-815, et seq. Paragraph 23 alleges that contrary to General Statutes § 42-110b, through its handling of Mrs. Calnan's claim, Allstate has engaged in unfair acts and/or prejudice while conducting the trade or commerce of the business of insurance. Paragraph 24 of the complaint charges that in specifically failing to make payment to Mrs. Calnan in a timely fashion and by engaging in unnecessary and unwarranted delay, CT Page 14638 Allstate has treated Mrs. Calnan in an unfair manner and forced her to institute litigation and continue to prosecute that litigation when she has clearly demonstrated her right to receive the benefits provided under Mr. Buongirno's motor vehicle liability policy. In Paragraph 25 the plaintiff charges that Allstate has also violated the provisions of CUIPA through its handling of Mrs. Calnan's claim for compensation and through its handling of claims made by others and that contrary to General Statutes § 38a-816(6), Allstate has committed or performed with such frequency as to indicate a general business practice the following:
 (a) Allstate has failed to acknowledge an act with reasonable promptness upon communications with respects to claims arising under insurance policies, C.G.S. § 38a-816(6)(b);
 (b) Allstate has refused to pay claims without conducting a reasonable investigation based upon all available information, C.G. S. § 38a-816 (6)(d);
 (c) Allstate has not attempted in good faith to effectuate prompt, fair and equitable settlement of claims in which liability has become reasonably clear, C.G.S. § 38a-816
(6)(f); and,
 (d) Allstate has compelled insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured, C.G.S. § 38a-816(6)(g).
In Paragraph 16 of the plaintiff's complaint, the plaintiff charges that Allstate has committed the CUIPA violations enumerated above with such frequency as to indicate a general business practice, and as a result of Allstate's violations of these CUIPA provisions, in this case, Mrs. Calnan has been wrongfully denied benefits due her under the Allstate motor vehicle policy.
In Paragraph 27, the plaintiff notes that Allstate's Unfair Acts practices and CUIPA violations have been immoral, oppressive and unscrupulous and have caused substantial injury to Mrs. Calnan.
Paragraph 28 states that pursuant to General Statutes § 42-110g, Mrs. Calnan is entitled to recover her actual damages as well as her costs, attorney's fees and award of CT Page 14639 punitive damages.
The plaintiff filed an objection to defendant's motion to strike with an accompanying memorandum on August 2, 1998. The defendant filed a reply memorandum in support of its motion to strike on November 9, 1998.
"The purpose of a motion to strike is to contest the legal sufficiency of allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992).
A motion to strike admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. C.B.S., Inc.,196 Conn. 91, 108; Blancato v. Feldspar, 203 Conn. 34, 36-37. On a motion to strike the complaint is construed in the manner most favorable to the plaintiff. Id. 36.
The bedrock premise underlying plaintiff's complaint is that the Connecticut Unfair Trade Practices Act (CUTPA) provides a private right of action for third-party claimants alleging Connecticut unfair insurance practices (CUIPA) violations.
Defendant's motion to strike raises a two-fold challenge to this premise. A) As a stranger to the insurance policy, the plaintiff has no right to allege CUTPA or CUIPA violations against Allstate. B) The plaintiff's CUTPA claim is based upon only one instance of claimed unfair insurance practices and is therefore legally insufficient.
Both parties have filed extensive memoranda supporting their positions. The defendant has also filed a reply memorandum.
The issues raised are not novel to the Superior Court. The trial bench has been guided by a number of cases from the Supreme Court. In Mead v. Burns, 199 Conn. 651 (1986), the court addressed the scope of the liability imposed by CUTPA on the insurance industry holding (p. 663) "that the legislature has manifested an intention to make insurance practices the subject of two regulatory statutes, CUIPA and CUTPA." In Mead, the court CT Page 14640 determined that the case of Griswold v. Union Labor LifeInsurance Company, 188 Conn. 507, 519, 521 (1982) "implicitly affirmed the existence of a private cause of action under CUTPA to enforce alleged CUIPA violations." The court's construction required a litigant to prove more than a single act of insurance misconduct to establish unfair settlement practices. Mead v.Burns, supra, 659.
The court noted that the National Association of Insurance Commissioners in 1947 promulgated a model insurance trade practices act to assure continued state supervision of the insurance industry and that this model act was the basis for this state's enactment of CUIPA in 1955. The model act was amended in 1971 to include a section regulating unfair claim settlement practices which this state enacted 1973.
In Mead, the plaintiff brought an action under General Statutes § 13a-144 against the named defendant J. William Burns, commissioner of the transportation of the State of Connecticut to recover compensatory damages because the plaintiff's truck was damaged when it slid and overturned on an ice-covered highway. The plaintiff also joined with this cause of action two counts against the defendant Aetna Life and Casualty Company [hereinafter the insurer] which had undertaken to insure the state of Connecticut for claims brought under § 13a-44. The plaintiff alleged that the defendant insurer had knowingly and in bad faith refused to pay the plaintiff's claim without conducting a reasonable investigation based upon all the available information. In Count 2 of his complaint, the plaintiff claimed that the alleged conduct violated the Connecticut Unfair Insurance Practices Act [hereinafter CUIPA], and that this violation entitled him to recover both compensatory and punitive damages. In Count 3 of his complaint the plaintiff claimed that this alleged conduct also violated the Connecticut Unfair Trade Practices Act [hereinafter CUTPA]. The trial court granted the motion of the defendant insured to strike Counts 2 and 3 of the plaintiff's complaint. The trial court construed CUIPA to require a litigant to prove more than a single act of insurance misconduct to establish a claim of unfair settlement practices. The Supreme Court affirmed stating that the definition of unacceptable insured conduct in CUIPA reflects a legislative determination that isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to permit a CUTPA cause of action. In the appeal, the defendant insurer claimed on appeal as alternate grounds upon CT Page 14641 which to sustain the action of the trial court that 1) CUIPA does not authorize a private cause of action; 2) neither CUIPA nor CUTPA authorizes a private cause of action by a third party claimant; and 3) neither CUIPA nor CUTPA authorizes a private cause of action against an insurer before the underlying action against the insured has been resolved. Because the Supreme Court agreed with the trial court's construction of CUIPA and CUTPA, the court did not reach the alternate grounds raised by the defendant.
Lees v. Middlesex Insurance Company, 229 Conn. 842 (1994) is also instructive. In Lees, p. 849, the court concluded that alleged improper conduct in the handling of a single first-party insurance claim without any evidence of misconduct by the defendant in the processing of any other nonrelated claims does not rise to the level of a "general business practice" as required by § 38a-16(6). The court noted that its conclusion was in accord with the Appellate Court in Quimby v. KimberlyClark Corp. , 28 App. 660, 671-72 (1992) where the court held that the plaintiff's allegation of multiple unfair claim settlement practices by the defendant insured in the handling of the plaintiff's worker's compensation claim absent an allegation of unfair settlement practices by the insured in the handling of other claims failed to state a cause of action under CUIPA.
These two cases hold that absent a viable CUIPA claim a plaintiff cannot prevail under CUTPA, and this is true whether the plaintiff is a third-party plaintiff or a stranger to the insurance policy as in Mead or a first-party person privy to the insurance contract as in Lees. The Supreme Court sanctioned a CUTPA cause of action based upon an unfair insurance practice provided it builds upon the public policy embodied in a specific statutory provision, in this instance CUIPA, and is consistent with the regulatory principles established by the underlying statute, in this instance, CUIPA.
In Lees as in Mead, the defendant raised alternate grounds for affirmance of the trial court's summary judgment on both the CUIPA and CUTPA claims. With respect to the CUIPA count, the defendant contended that CUIPA does not create a private cause of action. The court declined to consider that claim because it was not necessary for it to do so citing Mead v. Burns, supra, 657, n. 5. In footnote 4, page 847, the court noted that the defendant raised alternate grounds for affirmance of the trial court's summary judgment on both the CUIPA and CUTPA claims. With respect CT Page 14642 to the CUIPA count, the defendant contended that CUIPA does not create a private cause of action. The court declined to consider that claim because it was unnecessary for us to do so citing Meadv. Burns, 199 Conn. 651, n. 5.
Shortly after the Supreme Court decided the case of Mead vBurns, Judge Satter decided a Superior Court case in Hartford entitled Thompson v. The Aetna Life Casualty Co., Docket No. 308821, dated May 15, 1987, at Hartford. The case involved a plaintiff who was involved in a motor vehicle accident with persons covered by an insurance policy issued by the defendant. The first count alleged that the defendant engaged in unfair claim settlement practices with such frequency as to constitute a general business practice thereby forcing the plaintiff to go to trial all in violation of CUIPA, the Connecticut Unfair Insurance Practices Act. The plaintiff's second count alleged that for the same acts that constitute a violation of CUIPA, the defendant is also liable to plaintiff under CUTPA, the Connecticut Unfair Trade Practices Act, hereinafter CUTPA. The defendant moved to strike both of these counts. The motion required a decision on an issue not decided by the Supreme Court in Mead v. Burns,199 Conn. 651, namely whether a third-party claimant who brings suit against a tortfeasor can also initiate a separate action against the tortfeasor's insurance company under the Connecticut Unfair Insurance Practices Act or under the Connecticut Unfair Trade Practices Act. The court concluded that CUIPA did not allow a separate action to a third-party claimant. The court analyzed the common law and determined that it imposed no duty on an insurer to settle claims against its insured fairly although case law acknowledged that an insured may have a bad faith suit against his insurance carrier for its misconduct in refusing an opportunity to settle within the policy limits. Hoyt v. TheFactory Mutual Liability Insurance Co., 120 Conn. 156 (1935).
Section 38a-321 of the General Statutes permits a judgment creditor, i.e., a successful third-party claimant to be subrogated to all the rights of the insured defendant against his insurer thus granting a right of action to the judgment creditor against the insured to the same extent as the insured defendant could have enforced his claim against such insurer. It is also noteworthy that courts have applied the concept of the implied covenant of good faith and fair dealing in insurance contracts in actions by insureds against their insurer. Verasto v. MiddlesexMutual Insurance Co., 207 Conn. 179, 190 (1988). CT Page 14643
In Thompson the court found that CUIPA did not establish or impose such a duty upon liability carriers either expressly or by implication. It noted that the legislative history of CUIPA was silent in this regard and that textual analysis of the statutory language of the Act leads to the inference it refers to the claims of an insured against his insurance company and not to claims of a third party against the liability carrier of the insured.
The court quoted from Scroggins v. Allstate, 74 Ill. App. 3d
1027 (1979) which held that the model Act which is the basis for most unfair insurance practices legislation was enacted for the benefit of the insured and did not impose a duty on insurance companies to settle fairly with third-party claimants. WhenThompson v. Aetna was decided in 1987, California law held that the Act did create a right in third-party claimants to sue an insurance company for unfair claims settlement practices. RoyalGlobe Insurance Co. v. Superior Court of Butte County, 123 Cal. 3
rd 880 (1979). But the vast majority of state courts denied such a remedy. Subsequently, in 1988, the Supreme Court of California overruled the Royal Globe decision in Shalal v. Fireman's FundInsurance Companies, 250 Cal.Rptr. 116, 46 Cal.3d 287,758 P.2d 58 (August 1988). The decision noted that courts of other states have largely declined to follow the Royal Globe analysis. The court observed that in nineteen states other than California that faced the issue under their version of the model Act, the National Association of Insurance Commissioners Model Unfair Claims Practice Act, seventeen of these states have refused to recognize such a cause of action. The Connecticut Act is derived from the Model Act. The majority of the Connecticut Superior Court cases which have considered the issues of this direct cause of action against an insurer under either CUIPA or CUTPA have followed Judge Satter's decision in Thompson.
Despite the existence of the majority view, the plaintiff takes the position that where the Act permits a private cause of action to an insured, it allows or should allow a private cause of action to a third-party claimant. The plaintiff relies upon three cases for this rationale: Klautd v. Flink (1983) 202 Mont. 247;Jenkins v. J.C. Penney Insurance Co., (1981) 167 W. Va. 597; and State Farm Mutual Auto Insurance Co. v. Reeder,763 S.W.2d 116 (Kentucky 1988). All of these cases involve statutory construction of the local version of the Unfair Insurance Practices Act which is based on the Model statute. These cases found that third-party claimants have a private cause of action CT Page 14644 against insurers. In Reeder, the Kentucky court interpreted its unfair settlement practices act in conjunction with another Kentucky statute to reach its decision. Both Klautd v. Flink andJenkins v J.C. Penney Co. were considered and rejected by the California court when it overruled Royal Globe in Shalal vFireman's Fund in 1988.
In its reply memorandum, the defendant has provided the court with a host of out-of-state decisions with unfair insurance practices which do not recognize a private right of action by a third-party claimant to the insurance company. These cases include Kleckley v. Northwestern National Casualty Co.,498 S.E.2d 669 (S.Ct. App. 1998); Gianfillippo v. Northern CasualtyCo., 861 P.2d 308 (Okla. 1993); Strutz v. State Farm MutualInsurance Co., 609 A.2d 569 (Pa. 1992); Gunny v. Allstate Ins.Co., 830 P.2d 1335 (Nev. 1992); Bates v. Allied Mutual Ins. Co.,467 N.W.2d 255 (Iowa 1991); Moradi-Shalal v. Fireman's Fund Ins.Co., 758 P.2d 58 (Cal. 1988); Wilson v. Wilson, 468 S.E.2d 495
(N.C.Ct.App. 1996); Allstate v. Watson, 876 S.W.2d 145, 149-150
(Tex. 1994); Tank v. State Farm Fire Casualty Co.,715 P.2d 1133 (Wash. 1986). These cases and the Connecticut Superior Court cases follow Scroggins in determining that the Connecticut Unfair Insurance Practices Act does not create any new duty owing to third-party claimants and recognize that the insurance contract does provide a duty running solely to the insured. They also base that decision on the lack of explicit legislative intent in the statute. Some of the cases evince a reluctance to extend the duty to settle to third-party claimants for the imposition of such a duty would be in derogation of the common law. Likewise, many courts have found that the State legislation based upon the Model Act deals with administrative regulation of insurance practices and says nothing about a private person having a right to sue the insurer for a violation. Many courts have been reluctant to establish a right in a third-party to sue the insurer directly because it encourages multiple litigation in that it encourages two lawsuits; one, the first by the injured claimant against the insured, and, the second suit by the third party against the insurer for bad faith for refusal to settle. Other courts have noted the existence of a conflict of interest between the duties that are traditionally owed to the insured and the creation of a new duty on the part of the insurance company to safeguard its own interest against the claims of third-party claimants.
The court finds the majority view of the Superior Court cases and the majority view of the cases from foreign jurisdiction CT Page 14645 persuasive. Accordingly, the court will grant the defendant's motion to strike the plaintiff's complaint because the CUIPA violation alleged in the CUTPA count is not authorized by the statute.
The defendant also claims that the plaintiff's CUTPA claim is based on only one instance of claimed unfair insurance practices and is therefore legally insufficient. The defendant argues that since she has tracked the exact language of General Statutes § 38a-816(6) by alleging that the defendant committed CUIPA violations with such frequency as to indicate a general business practice in the handling of her claims and claims by others, she has satisfied the general business requirement of the General Statutes § 38a-816(6). The defendant argues that the plaintiff has not alleged any facts to support her general allegation and therefore has failed to meet the general business practice requirement. In essence, the defendant claims that the plaintiff is pleading legal conclusions.
Inasmuch as the court has sustained the motion to strike, the entire complaint on the basis that CUIPA does not permit a third-party claimant or stranger to the insurance policy to bring a cause of action directly against the insured's liability policy, the court sees no need to decide the second basis for the defendant's motion to strike.
Dorsey, J. Judge Trial Referee