**PHOENIX HEALTHCARE OF KENTUCKY, L.L.C.,**

v.

**KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY.**

No. 2002–CA–001742–MR.

Court of Appeals of Kentucky.

Oct. 3, 2003.

Case Ordered Published by Court of Appeals Nov. 21, 2003.

William K. Fulmer, II, Florence, KY, for Appellant.

Michael J. Schmitt, Porter, Schmitt, Jones & Banks, Paintsville, KY, for Appellee.

Before BARBER, DYCHE, and McANULTY, Judges.

## OPINION

DYCHE, Judge.

Appellant, Phoenix Healthcare of Kentucky, L.L.C., is a billing agent and assignee in regard to billing and receiving payments for magnetic resonance images (MRIs) performed by Dr. Talmadge V. Hays.[1] Appellee, Kentucky Farm Bureau Mutual Insurance Company, was the insurer and a basic reparation obligor to Phyllis Jones, who was injured in a motor vehicle accident.

An MRI was performed on Ms. Jones at Dr. Hays's office in regard to the accident, and Ms. Jones assigned her right to receive basic reparation benefits from Farm Bureau to Dr. Hays and Phoenix. On March 14, 2002, Phoenix mailed an invoice to Farm Bureau for $3,790.00 for the MRI. In response, on April 24, 2002, Farm Bureau sent Phoenix a letter stating that the payment was being withheld pending a peer review. On May 1, 2002, Farm Bureau sent a check to Phoenix for $2,345.95, exhausting Ms. Jones's coverage. Farm Bureau was two weeks late in making payment to Phoenix. Phoenix contends that this delay is actionable under KRS 304.12–230 of the Unfair Claims Settlement Practices Act and that KRS 446.070[2] provides an avenue for the damages it seeks, including punitive damages.

The Floyd Circuit Court dismissed Phoenix's action upon motion by Farm Bureau holding that KRS 304.39–210 and–220 of the Motor Vehicle Reparations Act provided the exclusive remedy for the late payment of Ms. Jones's benefits. Phoenix now appeals this order.

KRS 304.39–210 requires basic reparation benefits to be paid within thirty days of receipt of reasonable notice of a claim. If an insurer fails to comply with this, it will be required to pay interest on the overdue payment. KRS 304.39–220 allows a claimant to recover reasonable attorney's fees if legal assistance is required to recover payment.

We agree with the lower court that the above cited statutes provide the exclusive remedy under the facts of this case. It is well settled that "[w]here the statute both declares the unlawful act and specifies the civil remedy available to the aggrieved party, the aggrieved party is limited to the remedy provided by the statute." *Grzyb v. Evans*, Ky., 700 S.W.2d 399, 401 (1985). Phoenix relies heavily on *State Farm Mutual Auto. Ins. Co. v. Reeder*, Ky., 763 S.W.2d 116 (1988). However, in *Reeder*, the court specifically held that KRS 446.070 does not authorize a private cause of action for the violation of a statute if the statute itself specifies a civil remedy available to the aggrieved party. In *Reeder*, unlike the case at hand, the statute at issue did not provide a civil remedy and accordingly KRS 446.070 applied to the matter.

Furthermore, where one statute deals with a subject matter in a general way and another in a specific way, the more specific provision prevails. *See Travelers Indem. Co. v. Reker*, Ky., 100 S.W.3d 756, 763 (2003). Because KRS 304.39–210 specifically applies to late payments of basic reparation benefits, as opposed to the more general language of KRS 304.12–230 and–235, we hold that it

1. We note that throughout the record the doctor's name in this matter is spelled both as "Hays" and "Hayes." The circuit court used the spelling of "Hays," and we do likewise.

2. KRS 446.070 states that "[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation."

governs the matter at hand. Therefore, Phoenix cannot recover under the Unfair Claims Settlement Practices Act or for punitive damages.

The judgment of the Floyd Circuit Court is affirmed.

ALL CONCUR.