NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0154n.06
Filed: December 15, 2004

**No. 03-5740**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

DANNY MAIDEN,                                )
                                             )          **ON APPEAL FROM THE**
         **Plaintiff-Appellant,**            )          **UNITED STATES DISTRICT**
                                             )          **COURT FOR THE EASTERN**
v.                                           )          **DISTRICT OF KENTUCKY**
                                             )
NORTH AMERICAN STAINLESS, L.P. and           )
COMMONWEALTH OF KENTUCKY,                     )          **O P I N I O N**
LABOR CABINET                                )
OCCUPATIONAL HEALTH AND SAFETY,              )
                                             )
         **Defendants-Appellees.**           )
                                             )

_____

Before: BOGGS, Chief Judge; CLAY, Circuit Judge; and HAYNES, District Judge[*]

**HAYNES, District Judge.** Plaintiff Danny Maiden appeals the district court's final order

denying Plaintiff's motion to remand and dismissing his claims for wrongful discharge against

Defendant North American Stainless, L.P. ("NAS"), and for declaratory relief against Defendant

Commonwealth of Kentucky, Labor Cabinet, Occupational Health and Safety ("Labor Cabinet").

Maiden's claims arise from his discharge by NAS in alleged retaliation for Maiden's charges against

NAS to the Kentucky Department for Environmental Protection. Maiden asserts that his complaint

resulted in an administrative complaint filed by the Labor Cabinet against NAS on Maiden's behalf.

Maiden seeks a declaratory judgment of his "jural rights" or his remedies for such retaliatory

_____

[*] The Honorable William J. Haynes, Jr., United States District Judge for the Middle
District of Tennessee, sitting by designation.

conduct. Maiden filed this civil action in a Kentucky state court, but NAS removed the action under 28 U.S.C. §§ 1332, 1441, and 1446.

Maiden moved to remand his action to the state court contending that the presence of the Labor Cabinet as a defendant destroyed diversity of citizenship jurisdiction. Defendants moved to dismiss the action, contending that the enforcement scheme of the Kentucky Occupational Safety and Health Act ("KOSHA"), Ky. Rev. Stat. §§ 338.010 et seq., preempted Maiden's claims. The district court denied Maiden's motion to remand, holding that the Labor Cabinet was a nominal party that did not divest the district court of diversity jurisdiction. The district court then granted NAS's motion to dismiss, concluding that KOSHA provides Maiden's exclusive remedy. Maiden filed a timely appeal.

Maiden argues that the district court erred in denying its remand motion because his declaratory judgment action is equitable in nature and that the Labor Cabinet is not a nominal party. Maiden further argues that the district court erred in concluding that KOSHA provided his exclusive remedy. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. FACTUAL BACKGROUND

NAS, a limited partnership whose partners are Delaware citizens, owns and operates a stainless steel manufacturing plaint in Carroll County, Kentucky. Maiden, a Kentucky citizen, was an at-will employee of NAS at the Carroll County plant and was discharged on or about August 29, 2002. Maiden alleges that his discharge was in retaliation for charges he made to the Kentucky Department of Environmental Protection about the workplace health at and safety practices of NAS.

In response to Maiden's allegations of retaliatory discharge, the Labor Cabinet filed an administrative action against NAS on Maiden's behalf on February 10, 2003. The Labor Cabinet

2

issued a citation to NAS and demanded Maiden's reinstatement with seniority and benefits, restoration of his back pay and expungement of his discharge from his work record. The Labor Cabinet also assessed compensatory and punitive penalties against NAS. NAS contested the citation and award, and on March 6, 2003, the Labor Cabinet filed its administrative complaint with the Kentucky Occupational Safety and Health Review Commission, and that proceeding remains pending.

Shortly after NAS filed its contest, on February 26, 2003, Maiden filed his action in a Kentucky state court against NAS, under the authority of common law, state constitutional law, and state statute, for damages for the alleged retaliatory discharge. As to the Labor Cabinet, Maiden sought a declaration of his "jural rights" to proceed against NAS in the civil action "concurrent with the damages on his behalf from North American in the KOSHA proceeding." (J.A. 12-15, Complaint at ¶¶ 12, 15, 20, 24). In his prayer for relief, Maiden sought "any and all other proper relief to which he should now or hereafter appear to be entitled, whether in law or equity."

## II. LEGAL ANALYSIS

### A. Federal Subject Matter Jurisdiction

Diversity jurisdiction in the district court requires complete diversity, i.e., none of the defendants can be citizens of the same state as any of the plaintiffs. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267-78 (1806), 28 U.S.C. § 1332(a). In determining whether complete diversity exists, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of the real parties to the controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980) (citations omitted). "[T]he real party in interest is the person who is entitled to enforce the

right asserted under the governing substantive law." Certain Interested Underwriters at Lloyd's of London v. Layne, 26 F.3d 39, 42-43 (6th Cir. 1994). In contrast to a 'real party in interest,' a formal or nominal party "is one who has no interest in the result of the suit and need not have been made a party thereto." Grant County Deposit Bank v. McCampbell, 194 F.2d 469, 472 (6th Cir. 1952) (citation omitted).

Here, Maiden's only claim against the Labor Cabinet for which he seeks relief from the court is as follows:

> [A] declaration of his jural rights to proceed against NAS for all of his claims made herein; and, also, a declaration that those rights are cumulative and not exclusive in any way of his rights sought to be protected by the KOSHA, subject however, to the limits that: a) Plaintiff should enjoy only one recovery for each of his elements of damage[;] and, that [b)] he should be fully accountable for any damages awarded to him or recovered by him pursuant to his complaint made herein which touch upon lost wages sought to be recovered by KOSHA from NAS for the benefit of the Plaintiff.

(J.A. 14, Complaint at ¶ 24). In essence, Maiden seeks a declaration that he can proceed with his action to recover concurrently any award granted by the Labor Cabinet. Maiden is not seeking to enforce any duty or enjoin any action of the Labor Cabinet. Any ruling for Maiden in this action would not impact the state administrative proceedings. In a word, the Labor Cabinet does not have any interest in the outcome of this action.

Thus, we agree with the district court that the Labor Cabinet is merely a "nominal party" and should not be considered for the purposes of determining diversity jurisdiction. The remaining parties are a Kentucky citizen plaintiff and a limited partnership whose partners are Delaware citizens. For jurisdictional purposes, the citizenship of a limited partnership is determined by the citizenship as all of its partners. Carden v. Arkoma Assocs., 494 U.S. 185, 197 (1990). Because NAS's partners are Delaware citizens, NAS is deemed a Delaware citizen. Complete diversity of

4

citizenship exists. There is not any dispute that a sufficient amount in controversy is alleged. Accordingly, federal diversity jurisdiction over this action is proper and the district court properly denied Maiden's motion to remand.

## B.  KOSHA Preemption

The next issue is whether KOSHA preempts Maiden's action in the district court.   On appeal, Maiden argues that his damages claims are not preempted by KOSHA because Kentucky Revised Statute § 446.070 allows a person injured by a statutory violation to recover damages. Thus, Maiden contends that he should be allowed to recover damages from NAS.  Maiden also argues that KOSHA does not affirmatively require the Labor Cabinet to provide relief to an aggrieved employee, and that, as a result, the Labor Cabinet systematically denies such relief.

In a diversity action, state law governs the parties' claims and defenses. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).  Under Kentucky law, "[w]here the statute both declares the unlawful act and specifies the civil remedy available to the aggrieved party, the aggrieved party is limited to the remedy provided by the statute."  Grzyb v. Evans, 700 S.W.2d 399, 401 (Ky. 1985).

The Kentucky OSHA statute provides that "[n]o person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [Kentucky OSHA]." Ky. Rev. Stat. § 338.121(3)(a).  To enforce the KOSHA requirements,  "[a]ny employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection may . . . file a complaint with the commissioner alleging such discrimination." § 338.121(3)(b).  If the commissioner issues a citation and that citation is appealed, "the review commission may order all appropriate relief including rehiring and reinstatement of the employee to his former position with

5

back pay." Id. (emphasis added).

Thus, KOSHA provides a statutory structure for employees to seek a remedy, thereby preempting any common-law wrongful discharge claims based on those statutes. Hines v. Elf Atochem N. Am., Inc., 813 F. Supp. 550, 552 (W.D. Ky. 1993). Indeed, "employees seeking to enforce their rights under these laws must file their complaints with the Kentucky Labor Cabinet . . . not in court." George J. Miller, Federal District Court Dismisses Worker's OSHA Retaliation Claim, Ky. OSHA J., July 2001, at 1, 2 (citing Hines).

In support of his contention, Maiden first cites the text of KOSHA that does not impose a duty to the Review Commission to provide relief, and State Farm Mutual Auto Insurance Company v. Reeder, 763 S.W.2d 116 (Ky. 1988), that permitted a direct action under Ky. Rev. Stat. § 446.070 for violations of the state unfair settlement law. In Grzyb, the Kentucky Supreme Court held that § 446.070 "is limited to where the statute is penal in nature, "or where by its terms the statute does not prescribe the remedy for its violation." 700 S.W.2d at 401. Moreover, in Reeder, the Kentucky Supreme Court affirmed its prior holding in Gryzb that if a statute specifies a civil remedy, an aggrieved party is limited to the remedies provided for in the statute, and further affirmed that it had based its prior decision in Reeder on the fact that the statute at issue did not specify such a civil remedy. 763 S.W. 2d at 118 (analyzing Ky. Rev. Stat. § 304.12-230); cf. Phoenix Healthcare of Ky., LLC v. Ky. Farm Bureau Mut. Ins. Co., 120 S.W.3d 726, 727-28 (Ky. Ct. App. 2003) (following Gryzb and distinguishing Reeder where applicable statute, Ky. Rev. Stat. § 304.39-220, provided a civil remedy). Maiden's argument is incompatible with Kentucky precedent because KOSHA provides a civil remedy.

As to his contention that KOSHA does not affirmatively require the Labor Cabinet to provide

6

any relief to an aggrieved employee, Maiden argues that he "would have been able to establish, though the simple expedient of Interrogatories to KOSHA, that the Labor Commissioner never has, nor ever intends to, provide any relief to aggrieved employees (including the Plaintiff in this case) beyond, ' . . . rehiring and reinstatement of the employee to his former position with back pay.' " (Appellant Brief at 10-11). Maiden seeks an injunction from the district court ordering the Review Commission to consider awarding him compensatory and punitive damages.

As noted above, KOSHA explicitly provides that the Review Commission may provide "all appropriate relief," which includes compensatory and punitive damages. Maiden's argument that he will be denied such damages simply because the Review Commission allegedly has a de facto policy of denying such relief is not properly before the court for several reasons. First and foremost is that the Review Commission proceeding is pending and the Commission may award Maiden the damages he prospectively seeks. We consider this claim as more appropriate for any appeal of the Review Commission's decision, if necessary.

## III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

7