NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0475n.06

No. 12-5494

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
*May 13, 2013*
DEBORAH S. HUNT, Clerk

MORTENSON FAMILY DENTAL CENTER, INC. )
and MORHEART DENTAL MANAGEMENT )
SERVICES, LLC, )
                                          )
      Plaintiffs/Appellants, )     ON APPEAL FROM THE UNITED
                                            )     STATES DISTRICT COURT FOR
v. )     THE WESTERN DISTRICT OF
                                            )     KENTUCKY
HEARTLAND DENTAL CARE, INC., )
                                            )
      Defendant/Appellee. )
                                            )

Before: GRIFFIN and KETHLEDGE, Circuit Judges; ZATKOFF, District Judge.[*]

KETHLEDGE, Circuit Judge. The plaintiffs appeal the district court's determination that diversity jurisdiction exists in this case. We affirm.

I.

Mortenson Family Dental Center, Inc. is a holding company with interests in over 40 dental practices in Kentucky and Indiana. It was incorporated in Kentucky and has its principal place of business in Louisville. Heartland Dental Care, Inc. operates hundreds of dental practices throughout the United States. It was incorporated in Delaware and has its principal place of business in Illinois.

_____

[*]The Honorable Lawrence P. Zatkoff, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

No. 12-5494
*Mortenson Family Dental Center, Inc., et al v. Heartland Dental Care, Inc.*

In 2007, Mortenson and Heartland went into business together. Heartland gave capital funds to Mortenson to acquire more dental practices, and in exchange, Mortenson agreed to share the profits of the new businesses with Heartland. Rather than sell an equity stake in itself, however, Mortenson created Morheart Dental Management Services, LLC and sold a 40 percent interest in the LLC to Heartland. Under the terms of an operating agreement, profits from the new businesses would flow to the LLC and then out to the members in proportion to their ownership interest. If Mortenson needed more funding, the LLC would make a capital call on the members for contributions and distribute those capital funds to Mortenson.

The relationship was successful for a few years, but then Mortenson and Heartland began to distrust each other. Heartland alleges that Mortenson stopped providing timely and accurate financial statements. Mortenson responds that Heartland became hostile after Mortenson refused Heartland's buyout offer. Matters came to a head in 2010, when Heartland refused a capital call from the LLC. According to Mortenson, the refusal diluted Heartland's ownership interest in the LLC under the terms of the operating agreement.

In May 2011, Mortenson and the LLC filed a declaratory action in Kentucky state court to determine Heartland's ownership interest in the LLC. In response, Heartland filed suit against Mortenson in Illinois state court, alleging breach of contract, breach of fiduciary duty, and negligent misrepresentation. Heartland also removed the Kentucky suit to federal court and filed a motion to dismiss the action in favor of the Illinois suit. Mortenson and the LLC filed a motion to remand. The district court denied the motion to remand, finding that it had diversity jurisdiction over the

matter, and granted Heartland's motion to dismiss. Mortenson and the LLC now appeal the district's denial of their motion to remand.

## II.

We review de novo the district court's denial of a motion to remand. *Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 519 (6th Cir. 2012).

Diversity jurisdiction requires that no defendant share citizenship with any of the plaintiffs. *Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005). For jurisdiction purposes, a corporation is a citizen of its state of incorporation and principal place of business. *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). A limited liability company has the citizenship of each of its members. *Id.* Thus, Mortenson is a citizen of Kentucky, Heartland is a citizen of Delaware and Illinois, and the LLC is a citizen of all three of those states.

Although the LLC's presence as a plaintiff appears to destroy diversity jurisdiction, the district court held that the LLC is a nominal party. When determining whether diversity jurisdiction exists, a federal court must disregard nominal parties and decide jurisdiction only on the citizenship of the real parties in interest. *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 42 (6th Cir. 1994). Here, the district court held that, since Mortenson and Heartland are the only real parties in interest, diversity jurisdiction exists in this case.

A real party in interest is one who is entitled to enforce the right asserted in the suit, that in turn depends on whether the party could actually obtain substantive relief. *Id.* at 42–43. In contrast, a nominal party has no interest in the result of the suit and need not be made a party. *Maiden v. N.*

No. 12-5494
*Mortenson Family Dental Center, Inc., et al v. Heartland Dental Care, Inc.*

*Am. Stainless, L.P.*, 125 F. App'x 1, 3 (6th Cir. 2004) (quoting *Grant Cnty. Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir. 1952)).

Here, Mortenson and Heartland dispute their ownership percentages in the LLC under the terms of the operating agreement. The LLC itself, however, does not seek to enforce any duty owed by Heartland. Indeed, the LLC is not even a party to the operating agreement. And neither Mortenson nor Heartland has claimed that the LLC paid its members incorrectly under the terms of the agreement. Thus, the LLC has not asserted any rights and will not get any relief from the outcome of the suit.

Mortenson argues that the LLC is a real party in interest because it is responsible for distributing profits and thus needs to know its members' ownership percentages. But that only makes the LLC a nominal party here. *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (owners of stock were nominal parties in a declaratory action because their only interest was to know to which party they should transfer their stock); *Matchett v. Wold*, 818 F.2d 574, 576 (7th Cir. 1987) ("The addition to a lawsuit of a purely nominal party—the holder of the stakes of the dispute between the plaintiff and the original defendant—does not affect diversity jurisdiction"). The LLC would be a real party in interest if, for example, it had a right to any of the money it had paid to Heartland. *See S.E.C. v. Ross*, 504 F.3d 1130, 1141 (9th Cir. 2007). But the LLC asserts no such right here.

Mortenson says that, since the operating agreement grants certain rights to the LLC (such as the ability to prevent Heartland from competing with it) and allows the LLC to recover attorney's fees if it is successful in a suit, the parties contemplated the LLC as a potential litigant. Whether the

LLC *could* assert certain rights against its members, however, makes no difference here. What matters is that the LLC is not doing so in this case.

Mortenson also argues that the LLC is a real party in interest because the suit will determine who manages the LLC. But that too does not amount to an assertion of any right by the LLC. Finally, Mortenson argues that the LLC is not a nominal party because the suit will determine the LLC's future payments to its members, not just a one-time payment. *Cf. DiBella v. Carpenter*, No. 2:10-cv-174, 2010 WL 2605824 (S.D. Ohio June 25, 2010) (a corporation was a nominal party where its liquidated assets were the subject of the suit between the owners). But that argument emphasizes that the LLC is simply a money holder and therefore a nominal party.

The real dispute in this case is between Mortenson and Heartland. The LLC is only a spectator on the sideline. That it will give a trophy to the winner does not make it a player in the game.

The district court's judgment is affirmed.