*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0428p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

JANET PETERS; ED PETERS,

        *Plaintiffs-Appellants,*

    *v.*

DALE FAIR, individually and in his capacity as Mayor of Carter County; CHARLOTTE MCKEEHAN, individually and in her capacity as Carter County Clerk and Master and Special Master of the Chancery Court of Carter County; JIM WOLTZ and KEN FARMER, individually, doing business as Woltz and Associates; AMOS W. STEVENS, JR., et al.,

        *Defendants-Appellees.*

No. 05-5499

---

Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.
No. 04-00055—J. Ronnie Greer, District Judge.

Submitted: October 27, 2005

Decided and Filed: October 28, 2005

Before: MARTIN, GIBBONS, and GRIFFIN, Circuit Judges.

---

## COUNSEL

**ON BRIEF:** J. Patrick Ledford, MOORE, STOUT, WADDELL & LEDFORD, Kingsport, Tennessee, Steven C. Huret, WILSON, WORLEY, MOORE, GAMBEL & STOUT, Kingsport, Tennessee, Robert D. Arnold, Olen G. Haynes, ARNOLD, HAYNES & SANDERS, Johnson City, Tennessee, Jeffrey M. Ward, MILLIGAN & COLEMAN, Greeneville, Tennessee, for Appellees. Janet Peters, Ed Peters, Elizabethton, Tennessee, pro se.

---

## OPINION

---

    BOYCE F. MARTIN, JR., Circuit Judge. Janet and Ed Peters appeal a district court judgment that dismissed their civil rights action filed under 42 U.S.C. § 1983 for failure to state a claim upon which relief can be granted. This case has been referred to a panel of the court pursuant

to Rule 34(j)(1), Rules of the Sixth Circuit.  Upon examination, this panel unanimously agrees that oral argument is not needed.  Fed. R. App. P. 34(a).

The Peters filed their complaint by counsel in the district court, alleging that Janet Peters was denied proper title to real property she purchased at an auction ordered by a Tennessee court in a state partition action.  The Peters named as defendants Carter County, Tennessee, Carter County's mayor and commissioners, Charlotte McKeehan, the Carter County Clerk who acted as Special Master in the state partition action, the firm that auctioned the property and two individuals affiliated with that firm.  The Peters asserted federal claims under 42 U.S.C. §§ 1983 & 1985(3), along with supplemental state law claims, and sought compensatory and punitive damages.

Defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted.  After the Peters had problems dealing with their attorney and in hiring substitute counsel, the district court granted the Peters leave to proceed pro se, and they responded in opposition to defendants' motions to dismiss.  After further pleadings, the district court granted defendants' motions and dismissed the complaint.  The Peters filed a timely notice of appeal.

On appeal, the Peters are proceeding pro se and reiterate their claims under 42 U.S.C. §§ 1983 & 1985(3).  Moreover, they contend that diversity of citizenship jurisdiction exists with respect to the two Virginia defendants, and thus jurisdiction exists over their state law claims.  Alternatively, the Peters claim the court has supplemental jurisdiction over their state law claims based on their federal claims.  Defendants respond that the district court properly dismissed plaintiffs' complaint.  Upon *de novo* review, *see Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000); *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1239-40 (6th Cir. 1993), we reverse the district court's judgment in part and affirm in part.

The pertinent facts are not seriously disputed.  Janet Peters was the high bidder at auction for a building and lot located across the street from the Carter County Courthouse.  The property had been advertised as having 50 feet of street frontage, consistent with the description of the property on prior deeds.  Defendants contend that materials available to bidders at the auction reflect that the description of the property was in doubt because of an inconsistent survey of the Elizabethton town square, located adjacent to the property, which was conducted in 1988 at the behest of Carter County.  After learning of the disputed description, the mayor of Carter County offered to buy the property from Peters at a profit to her.  Peters refused the offer and closed on the property despite the disputed description.  As a result, the Carter County Clerk and Special Master conveyed to Peters a deed to the property that reflects fewer than three feet of street frontage.

The Fifth Amendment's Takings Clause prohibits appropriation of private property for public use only where just compensation is not paid.  U.S. CONST. amend. V;  *Lingle v. Chevron U.S.A. Inc.*, 125 S. Ct. 2074, 2080 (2005); *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985).  Any takings claim is not ripe until plaintiffs have sought just compensation by available state procedure. *Williamson County Reg'l Planning Comm'n*, 473 U.S. at 194.  Furthermore, if the state has made available some "reasonable, certain and adequate provision for obtaining compensation," then the claim is not ripe until the claimant has attempted to use this "adequate procedure" and has been rebuffed. *Id.* at 194.  Similarly, claims for violations of substantive due process and procedural due process claims ancillary to a takings claim are also subject to this ripeness requirement. *Warren v. City of Athens, Ohio*, 411 F.3d 697, 708 (6th Cir. 2005).  Here, while the mayor of Carter County offered to purchase the land from Peters at a profit to Peters, this is an inadequate procedure for compensation because this offer occurred prior to the alleged taking.  Peters alleges the deed given to her by the county clerk is the actual taking in question.  Peters must, after receiving the deed, investigate possible state procedures for compensation for her alleged taking in order for her claim to be ripe.  Because Peters has not done so, her takings claim is not ripe, and this Court has no jurisdiction over it.  However, the district

court improperly dismissed Peters' § 1983 claims with prejudice. It should have been dismissed without prejudice, thereby allowing the plaintiff to reassert this claim, should it become ripe in the future. *Alltel Tennessee, Inc. v. Tennessee Public Service Comm'n*, 913 F.2d 305, 307 (6th Cir. 1990) ("because the case was not ready for a judicial determination, we . . . dismiss the case without prejudice")

Further, the district court properly dismissed Peters' § 1985 claim for failure to state a claim upon which relief can be granted. To establish a claim under § 1985(3), a plaintiff must establish: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) a resulting injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994). A plaintiff also must show that the conspiracy was motivated by racial or other class-based invidiously discriminatory animus. *See Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). As correctly noted by the district court, the Peters alleged no facts that suggest the defendants acted with any class-based animus. Therefore, the district court properly dismissed this claim.

Moreover, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over plaintiffs' pendent state law claims given its dismissal of their federal claims. *See Weeks v. Portage County Executive Offices*, 235 F.3d 275, 279-80 (6th Cir. 2000); *Hankins v. The Gap, Inc.*, 84 F.3d 797, 802-03 (6th Cir. 1996); *Soliday v. Miami County, Ohio*, 55 F.3d 1158, 1164 (6th Cir. 1995). Finally, plaintiffs' contention on appeal that diversity of citizenship jurisdiction exists lacks merit because diversity jurisdiction requires that no party share citizenship with any opposing party. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267-68 (1806); *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994). Here, the Peters and most of the defendants are citizens of Tennessee. Accordingly, diversity of citizenship jurisdiction does not exist in this case.

For the foregoing reasons, the district court's judgment is reversed in part and affirmed in part. Peters' § 1983 claim is dismissed without prejudice due to ripeness. However, the district court's rulings as to the remaining claims are affirmed.