**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0231n.06

No. 16-6326

| | |
|---|---|
| **UNITED STATES COURT OF APPEALS**<br>**FOR THE SIXTH CIRCUIT** | **FILED**<br>Apr 19, 2017<br>DEBORAH S. HUNT, Clerk |

| | | |
|---|---|---|
| FLOYD BEECH et al., | ) | |
| | ) | |
| **Plaintiffs-Appellants,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| CITY OF FRANKLIN, TENNESSEE, | ) | |
| | ) | **OPINION** |
| **Respondent-Appellee.** | ) | |
| | ) | |

Before: **DAUGHTREY, MOORE, and KETHLEDGE, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** Plaintiffs-Appellants Floyd Beech and Marion Beech appeal the district court's judgment granting summary judgment to Respondent-Appellee City of Franklin, Tennessee. The Beeches' suit alleged that by permitting the Beeches' neighbor, Calvin Malone, to operate a barbershop in his home, the City of Franklin effected an unconstitutional taking of the Beeches' property and violated the Beeches' rights to equal protection and due process. The district court granted the City of Franklin's motion for summary judgment. Because this case is not ripe, we **REMAND** the case to the district court with instructions to dismiss the case.

## I. BACKGROUND

Malone owns 1102 Park Street in Franklin, Tennessee. R. 1 (Compl. at ¶ 3) (Page ID #2); R. 39-1 (Resp. to Statement of Undisputed Material Facts at ¶ 1) (Page ID #1642). Malone has operated a barber shop at this location since either 1989 or 1999. R. 6-1 (Ex. 3 to Mot. to

Dismiss) (Page ID #199); R. 6-1 (Ex. 4 to Mot. to Dismiss) (Page ID #200). In 2007, the Beeches purchased 220 11th Avenue, across the street from Malone's property at 1102 Park Street. R. 1 (Compl. at ¶ 2) (Page ID #2); R. 39-1 (Resp. to Statement of Undisputed Material Facts at ¶ 12) (Page ID #1644). The Beeches lived at 220 11th Avenue from 2008 until 2013, when they sold the property. R. 39-1 (Resp. to Statement of Undisputed Material Facts at ¶¶ 13, 15, 21) (Page ID #1644–46). The Beeches and Malone are engaged in a long-running dispute over Malone's use of his property.

On November 5, 2012, the Beeches filed in the Chancery Court for Williamson County, Tennessee a Suit for the Abatement of a Nuisance and for Writ of Mandamus. R. 6-1 (Ex. 1 to Mot. to Dismiss) (Page ID #123). The Tennessee chancery court lawsuit named Malone and the City of Franklin as defendants. *Id.* The Beeches requested that the chancery court permanently enjoin Calvin Malone from operating his barbershop at 1102 Park Street and from using his spotlights. *Id.* at 18 (Page ID #140). The Beeches also requested "exemplary and punitive damages" and "attorneys' fees and the cost of the cause" from Malone. *Id.* As to the City of Franklin, the Beeches requested that the chancery court issue "a Writ of Mandamus to the City of Franklin to take such steps and actions as are available to it, in the nature of codes enforcement or otherwise, to cause Calvin Malone to cease and desist from the operation of his barbershop from the property at 1102 Park Street, Franklin." *Id.* On August 7, 2014, the Beeches filed Petitioners' Motion to Amend Initial Petition (Pursuant to T.R.C.P. Rule 15). R. 6-1 (Ex. 17 to Mot. to Dismiss) (Page ID #237, 259). In that motion, the Beeches addressed several claims for relief. First, they requested "a Writ of Mandamus to the City of Franklin requiring it to cause

2

and, if necessary effect, the removal of the driveway into 11th Avenue South from the side of the Malone property at 1102 Park Street." *Id.* at 19 (Page ID #258). Second, the Beeches sought to add a request for "an award of compensatory damages to the Petitioners . . . against Respondent City of Franklin, for its prior and ongoing selective enforcement (or selective 'non-enforcement') of its own Codes and Ordinances" which the Beeches argued violated "the Equal Protection and Due Process clauses of Articles IV & XIV of the United States Constitution." *Id.* at 18–20 (Page ID #257–59). We presume that the Beeches' invocation of Equal Protection and Due Process mean that they intended to invoke the Fifth Amendment and Fourteenth Amendment (not Article Four and Article Fourteen, the latter of which does not exist). The key point, for our purposes, is that neither the motion to amend nor the original complaint in the chancery court requested compensation for a taking of private property or in any way referenced the Fifth Amendment's Takings Clause or § 29-16-123 of the Tennessee Code. The chancery court did not permit the Beeches to amend their complaint, and, on November 7, 2014, the chancery court entered summary judgment for the City of Franklin and Calvin Malone. R. 24-3 (Tenn. Chancery Ct. Mem. and Order Granting Summ. J. at 15) (Page ID #809).

On June 12, 2015, the Beeches filed in the United States District Court for the Middle District of Tennessee a complaint against the City of Franklin. In their federal complaint, the Beeches alleged that the City's failure to enforce its zoning ordinances against Malone "constituted a deliberate taking, under color of law, in violation of the Petitioners' federal rights guaranteed them under the Seventh Amendment to the Constitution of the United States." R. 1 (Compl. at ¶ 63) (Page ID #20). According to the district court, the Beeches later clarified "that

they intended to allege violations of the Fifth Amendment, not the Seventh," although "they have not filed a Motion to Amend their Complaint." R. 42 (Mem. Granting Summ. J. at 2 n.1) (Page ID #2110). In their brief to this court, the Beeches argue that the City of Franklin's "actions constitute a regulatory taking under the 5th Amendment." Appellants Br. at 16. In addition to alleging an unlawful taking, the Beeches also alleged that the City's failure to enforce its zoning ordinances against Malone "constitute a deliberate denial, under color of law, of the Petitioners' federal rights guaranteed under the Equal Protection Clause of the Fourteenth Amendment" and "constitute a deliberate denial, under color of law, of the Petitioners' federal rights guaranteed under the Due Process Clause of the Fourteenth Amendment." R. 1 (Compl. at ¶¶ 61–62) (Page ID #20).

## II. DISCUSSION

"[G]overnment regulation of private property may, in some instances, be so onerous that its effect is tantamount to a direct appropriation or ouster—and . . . such 'regulatory takings' may be compensable under the Fifth Amendment." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537 (2005). However, "[t]he Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985). As such, a federal regulatory takings claim is not ripe unless the property owner sought, and was denied, compensation from the state through procedures provided by the state. *Id.*

*Williamson County* "sets out two requirements for a federal regulatory-takings claim to be ripe." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 518 (6th Cir. 2004). "First, a plaintiff must

demonstrate that the decisionmaking body has come to a 'final' decision, allowing the federal courts to assess how much use of the property is allowed and therefore whether the regulatory decision amounts to a taking. This has become known as 'prong-one ripeness.'" *Id.* "[P]rong-two ripeness . . . requires that a plaintiff 'seek compensation through the procedures the State has provided for doing so.' This refers only to an action for just compensation or inverse or reverse condemnation, but *not* to review procedures." *Id.* (quoting *Williamson Cty.*, 473 U.S. at 194)). That is, "if the state has made available some 'reasonable, certain and adequate provision for obtaining compensation,' then the claim is not ripe until the claimant has attempted to use this 'adequate procedure' and has been rebuffed." *Peters v. Fair*, 427 F.3d 1035, 1037 (6th Cir. 2005) (quoting *Williamson Cty.*, 473 U.S. at 194). "Similarly, claims for violations of substantive due process and procedural due process claims ancillary to a takings claim are also subject to this ripeness requirement." *Id.* And where, as here, an equal-protection claim is ancillary to the takings claim, the equal-protection claim is also subject to this ripeness requirement. *See Bigelow v. Mich. Dep't of Nat. Res.*, 970 F.2d 154, 158–59 (6th Cir. 1992) (holding that when a plaintiff's equal-protection claim is ancillary to the main issue of whether property was taken without just compensation, the equal-protection claim is subject to the ripeness requirement); *but see Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 574 (6th Cir. 2008) (noting a possible conflict within this circuit's case law about whether an equal-protection claim is subject to the ripeness requirement).

Tennessee has made available adequate procedures for obtaining just compensation since at least August 2014. In August 2014, the Tennessee Supreme Court held that the Tennessee

Constitution required just compensation for regulatory takings and that property owners could demand compensation for regulatory takings under Tennessee's inverse condemnation statute, Tennessee Code Annotated § 29-16-123. *Phillips v. Montgomery Cty.*, 442 S.W.3d 233, 244–45 (Tenn. 2014). To the extent that the Beeches correctly characterize their claim as a regulatory takings claim, they are required to utilize the procedure made available to them in *Phillips*. In addition, the Tennessee Supreme Court recognizes "nuisance-type takings" as compensable under the inverse condemnation statute. *Edwards v. Hallsdale-Powell Util. Dist.*, 115 S.W.3d 461, 465 (Tenn. 2003); *see also Jackson v. Metro. Knoxville Airport Auth.*, 922 S.W.2d 860, 861–62 (Tenn. 1996). Because the Beeches' primary concern is the impact of Malone's barbershop on their property, their claim may more properly be characterized as a nuisance-type taking. To the extent that the Beeches' claim is for a nuisance-type taking, they are required to utilize the procedure described in *Edwards* and *Jackson*.

It is worth noting that the requirement to seek just compensation in state court does not apply to the taking of property for "strictly private use." *Montgomery v. Carter Cty.*, 226 F.3d 758, 767 (6th Cir. 2000). The Beeches' claims address the actions of another private landowner, Malone, and the City of Franklin's alleged failure to prevent Malone from acting in a way that impinges the Beeches' property rights. However, even if there is a possibility that the Beeches could have alleged a taking for private use, in fact the Beeches have not alleged a taking for private use. Instead, they alleged a regulatory taking by the City of Franklin, and federal regulatory-takings claims are not ripe unless the property owner first utilizes the adequate procedures available in state court.

The Beeches did bring claims in state court, but not a claim under Tennessee's inverse condemnation statute, Tennessee Code Annotated § 29-16-123, seeking compensation for a regulatory taking.  Because they did not utilize available and adequate state-court procedures to seek compensation, the Beeches' federal regulatory-takings claim does not meet the requirement of prong-two ripeness.  *See Peters*, 427 F.3d at 1037.  And because the federal regulatory-takings claim is not ripe, the ancillary due-process and equal-protection claims are also not ripe.  *See id.*; *Bigelow*, 970 F.2d at 158–59.

"The ripeness doctrine is 'drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction,' but, even in a case raising only prudential concerns, the question of ripeness may be considered on a court's own motion."  *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) (quoting *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 (1993)).  Because the Beeches' federal regulatory-takings claim is not ripe, this case should be dismissed.

## III.  CONCLUSION

Because this case is not ripe, we **REMAND** the case to the district court with instructions to dismiss the case.